895 P.2d 274

STATE of New Mexico,
Plaintiff–Appellee,

v.

Johnny PINSON, Defendant–Appellant.

No. 15579.

Court of Appeals of New Mexico.

April 19, 1995.

Tom Udall, Atty. Gen., Katherine Zinn, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Sammy J. Quintana, Chief Public Defender, Santa Fe, Kari Converse, Asst. Appellate Defender, Albuquerque, for defendant-appellant.

## OPINION

BOSSON, Judge.

Defendant appeals his conviction of criminal solicitation resulting from a failed drug deal. Defendant questions whether an intended purchaser of drugs who is not charged with illegal possession, but who does encourage the crime of trafficking by negotiating for a sale, may be prosecuted instead for criminal solicitation. We hold that he may not, and reverse.

### FACTS

Defendant was riding in a car with several others, apparently looking to buy drugs. The driver of another car (Cauffman) flagged them down on a residential street. Cauffman, a drug dealer, had several papers of heroin for sale. He approached the car in which Defendant was riding and offered a paper to Defendant, who, as is the custom, handed Cauffman twenty dollars for the opportunity to examine the paper. After examining the paper, Defendant returned it, in exchange for his money back, having decided not to complete the transaction. Cauffman apparently was able to sell one of his papers to another person in the car. At that time, they were approached by a police officer who had observed the exchanges from a nearby residence. Everyone was arrested. When Defendant was arrested, he did not have any controlled substances in his possession. The State charged him with criminal solicitation on the basis that he solicited Cauffman to traffic heroin. Defendant appeals his conviction, arguing that his conduct does not fall within the solicitation statute as a matter of law.

### DISCUSSION

"[A] person is guilty of criminal solicitation if, with the intent that another

person engage in conduct constituting a felony, he solicits, commands, requests, induces, employs or otherwise attempts to promote or facilitate another person to engage in conduct constituting a felony within or without the state." NMSA 1978, § 30–28–3(A) (Repl. Pamp.1994). Under the facts of this case, the jury would be required to find that Defendant intended Cauffman to commit trafficking in heroin and that he did something that encouraged Cauffman to commit the crime. Under a literal reading of the statute, if one asks another to sell him or her drugs, which is trafficking, that person has thereupon engaged in solicitation, whether or not the deal goes through. *See Metcalf v. State,* 614 So.2d 548 (Fla.Dist.Ct.App.1993), *rev'd on other grounds,* 635 So.2d 11 (1994); *cf. People v. Washington,* 865 P.2d 145 (Colo. 1994) (en banc); *see generally State v. Tellez,* 165 Ariz. 381, 799 P.2d 1 (Ct.App.1989). Even if the potential purchaser does not actually ask another to sell drugs but otherwise engages in negotiation for the purchase, there may be solicitation because the seller is being encouraged to commit a crime. We conclude that Defendant's actions fall within a literal reading of the criminal solicitation statute.

■ Defendant argues that the legislature did not intend criminal solicitation to apply to his kind of conduct. It is true that, historically, criminal solicitation statutes were directed more against subversive activities or "criminal syndicalism." Model Penal Code § 5.02 cmt. 2, n. 11 (1985). However, current statutes are broadly written and generally are intended to cover any inducement or facilitating with the requisite intent that the person solicited commit a crime. Model Penal Code § 5.02 cmt. 3. Therefore, Defendant's argument does not persuade us.

■ Although Defendant's actions fall within the definition of criminal solicitation, this does not end the discussion. After defining the acts constituting solicitation, the statute sets forth certain defenses and exceptions. One exception is that: "A person is not liable for criminal solicitation when his solicitation constitutes conduct of a kind that is necessarily incidental to the commission of the offense solicited." Section 30–28–3(D).

In *State v. McCall,* 101 N.M. 616, 629, 686 P.2d 958, 971 (Ct.App.1983), *rev'd on other grounds,* 101 N.M. 32, 677 P.2d 1068 (1984), this Court, in an opinion later withdrawn from publication, *see State v. Shade,* 104 N.M. 710, 724 n. 2, 726 P.2d 864, 878 n. 2 (Ct.App.), *cert. quashed,* 104 N.M. 702, 726 P.2d 856 (1986), described this subsection as addressing the theory of merger, whereby a lesser but included offense merges into the principal crime for purposes of prosecution. However, we believe that the exception is broader than traditional merger theory.

Historically, in consensual crimes necessarily involving two or more persons to complete, like prostitution or illegal buy-sell transactions, the legislature selects the parties to be punished and by implication leaves unpunished the parties omitted from the statute. The legislature is presumed to know that an unenumerated party is not included. *See* 2 Wayne R. LaFave & Austin W. Scott, Jr., *Substantive Criminal Law* § 6.8, at 165–66 (1986). The same legislative inference precludes punishment as an accomplice or accessory where there is an undesignated party to a two-party crime. *Id.* For example, a woman upon whom an illegal abortion is performed cannot be charged as an accessory to the abortion, and the purchaser of bootleg liquor cannot be liable as an accomplice to the illegal sale. *See* Model Penal Code § 2.06 cmt. 9(b); *United States v. Farrar,* 281 U.S. 624, 634, 50 S.Ct. 425, 427, 74 L.Ed. 1078 (1930).

■ In New Mexico, trafficking in a controlled substance may be done in a number of different ways, including manufacturing, distributing, selling, bartering, or giving away the substance. NMSA 1978, § 30–31–20(A) (Cum.Supp.1994). Purchasing or receiving is *not* included in trafficking. Therefore, the trafficking statute penalizes only the seller, not the buyer, and pursuant to this same, well-recognized inference the purchaser, as an unenumerated party to a two-person crime, may not be prosecuted as an accessory. *See Robinson v. State,* 815 S.W.2d 361, 363 (Tex.Ct.App.1991).

■ Although the purchaser does not fall within the scope of trafficking, he may still be guilty of possession. NMSA 1978,

§ 30–31–23 (Cum.Supp.1994) (possession of controlled substances prohibited). Therefore, when an illegal drug sale is completed, there are two separate crimes committed, trafficking by the seller and possession by the purchaser. Each conduct is necessarily incidental to the other crime. There cannot be an illegal sale unless someone buys. In the absence of clear legislative directive, the buyer's conduct is therefore " 'of a kind that is necessarily incidental' " to the principal crime—trafficking or sale—and the buyer has been excluded from prosecution for solicitation by legislative choice. *Tyler v. State,* 587 So.2d 1238, 1241 (Ala.Crim.App.1991) (quoting Ala.Code 13A–4–1(c) (1975)); *see* Model Penal Code § 2.06 cmt. 9(b). Solicitation to traffic may occur when A encourages B to sell to C, because A's actions are not necessarily incidental to the sale. However, when the solicitor is also the purchaser, his actions ordinarily are necessarily incidental to the illegal sale, and do not give rise to a separate conviction.

Defendant's conduct in this case, as a potential purchaser of controlled substances, was necessarily incidental to the crime of trafficking through the sale of a controlled substance. Therefore, he may not be guilty of solicitation to traffic. Defendant's conviction is reversed.

**IT IS SO ORDERED.**

HARTZ and WECHSLER, JJ., concur.