671 So.2d 896 (1996)
STATE of Louisiana
v.
David O. CELESTINE.
No. 95-K-1393.
Supreme Court of Louisiana.
January 26, 1996.
Margaret S. Sollars, Thibodaux, for Applicant.
Hon. Richard P. Ieyoub, Attorney General, Hon. Douglas H. Greenburg, District Attorney, John David Schoonenberg, Houma, for Respondent.
PER CURIAM:
Relator was charged by bill of information with distribution of cocaine and obstruction of justice in violation of La.R.S. 40:967(A)(1) and La.R.S. 14:130.1, respectively. After trial by jury, he was found guilty as charged on both counts. The court thereafter sentenced him to concurrent terms of 10 years at hard labor. On appeal, the First Circuit affirmed relator's convictions and sentences. State v. Celestine, 94-0845 (La. App. 1st Cir. 5/5/95), 655 So.2d 818. We granted relator's application for review to consider whether in a hand-to-hand sale of narcotics, the purchaser may be tried and convicted for the crime of distribution because he may be said to have aided and abetted, or counselled or procured, the act of transferring possession and control over the contraband drugs. Relying on its previous decision in State v. Simon, 607 So.2d 793 (La.App. 1st Cir.1992), writ denied, 612 So.2d 77 (1993), the First Circuit answered that question affirmatively in relator's case. In accord with the overwhelming weight of authority at the federal and state level, however, we hold to the contrary that when a *897 purchaser takes delivery of the narcotics transferred into his possession by the distributor he has committed a possessory offense only. We therefore reverse relator's conviction for distribution of cocaine.
The evidence at trial showed that on the morning of May 3, 1993, relator was arrested at the corner of East and Payne Streets in Houma by members of the Terrebonne Parish Sheriff's Office Narcotics Division conducting a "reverse sting" operation. Approached by relator and asked if he were "holding," Agent William Sims, posing as a narcotics trafficker, showed relator a handful of crack cocaine and then exchanged six rocks for a 100 dollar bill. Immediately after completing the exchange, Sims signalled to his back-up officers standing only a few feet away. When the officers converged to arrest him, relator threw the six rocks and a bottle of beer he was holding in his hand into the air. The officers placed him under arrest but managed to find only one of the six rocks strewn in the darkness on the pebbled and cement surface of the parking lot.
Before trial, defense counsel filed a motion to quash the bill of information charging him with one count of distribution of cocaine on grounds that "[t]estimony of the witnesses at the preliminary hearing indicated that the defendant had purchased five (5) rocks of crack cocaine, and did not distribute cocaine." The court denied the motion. At the close of the evidence and after a charge conference, counsel registered his objection to the trial court's proposed instruction on the law of principals under La.R.S. 14:24. "If anyone were to be charged as a principal," counsel argued, "it should be the police officer and not the accused. I don't think that the statute contemplates the accused in a distribution case being named as a principal...." The trial court overruled the objection and subsequently charged jurors that the term distribution meant "delivery," that delivery required "the transfer of a controlled dangerous substance," and that "to find the defendant guilty as charged, you must find that the defendant knowingly and intentionally distributed a substance which was cocaine." The court also charged jurors in accord with La.R.S. 14:24 that "[a]ll persons concerned in the commission of a crime... are principals," whether they directly or indirectly commit the proscribed act, aid or abet, or counsel or procure its commission.
As a general rule, the law of principals applies to all crimes including those for the offense of narcotics distribution, defined as the "delivery" or transfer of possession and control over controlled substances. La. R.S. 40:961(9) State v. Martin, 310 So.2d 544, 546 (La.1975). In Louisiana, an intermediary who arranges or facilitates the transfer of narcotics from the seller to the buyer may therefore be charged and punished as a principal in the act of distribution. State v. Goins, 568 So.2d 231 (La.App. 3rd Cir.1990), writ denied, 573 So.2d 1117 (La. 1991); State v. Parker, 536 So.2d 459 (La. App. 1st Cir.1988), writ denied, 584 So.2d 670 (La.1991); State v. Hutchins, 502 So.2d 606 (La.App. 3rd Cir.1987); but see State v. Parker, 627 So.2d 210 (La.App. 4th Cir.1993); cf. State v. Mallery, 364 So.2d 1283 (La.1978).
It does not follow, however, that the buyer is also a principal in that transaction. Louisiana's definition of distribution is similar to the one provided by 21 U.S.C. § 802(11) ("The term `distribute' means to deliver ... a controlled substance or a listed chemical. The term `distributor' means a person who so delivers a controlled substance or a listed chemical."). At the federal level, distribution "means to deliver ... it does not mean to receive. It is not necessary to `sell' contraband to aid and abet its distribution... but to participate actively in the distribution [of a controlled substance] to others one must do more than receive it as a user." United States v. Harold, 531 F.2d 704, 705 (5th Cir.1976) (citation omitted); see also United States v. Baker, 10 F.3d 1374, 1418 (9th Cir.1993), cert. denied,___ U.S.___, 115 S.Ct. 330, 130 L.Ed.2d 289 (1994); 2 W. LaFave & A. Scott, Substantive Criminal Law, § 6.8(e); 3 C. Torcia, Wharton's Criminal Evidence, § 614, pp. 780-81 (14th ed. 1987) (purchaser of narcotics is not an accomplice of the defendant charged with selling such narcotics); Model Penal Code, § 2.06(6)(b) (Official Draft 1985) (a person is not an accomplice to a crime committed by another if "the offense is so defined that his *898 conduct is inevitably incident to its commission."). The rule is the same in other state jurisdictions. See e.g., State v. Utterback, 240 Neb. 981, 485 N.W.2d 760, 770 (1992) ("We conclude that a purchaser of a controlled substance is not an aider and abettor in the controlled substance's delivery or distribution."); State v. Pinson, 119 N.M. 752, 895 P.2d 274, 277 (Ct.App.1995) ("When an illegal drug sale is completed, there are two separate crimes committed, trafficking by the seller and possession by the purchaser. Each conduct is necessarily incident to the other crime."); State v. Berg, 613 P.2d 1125, 1126 (Utah 1980) ("A purchaser of a controlled substance commits the offense of `possession.' One guilty of that offense ... is not an accomplice to the crime committed by the seller."); Robinson v. State, 815 S.W.2d 361 (Tex.App.1991) (trial court errs in charging the jury on the law of parties when defendants were merely purchasers in a "reverse sting" drug transaction conducted by the police); Wheeler v. State, 691 P.2d 599, 602 (Wyo.1984) ("The purchaser of controlled substances commits the crime of `possession' and not `delivery,' and, thus, is not an accomplice to a defendant charged with unlawful distribution.")
In State v. Bonanno, 384 So.2d 355, 358 (La.1980), this Court found that the legislature had a rational basis for classifying cocaine as a narcotic drug, see La.R.S. 40:961(23); cf. 21 U.S.C. 802(17)(D), because "the distribution of cocaine presents a high potential of danger to society." The distributor faces a penalty range of 5 to 30 years necessarily at hard labor. The penalty becomes life imprisonment at hard labor if the distributor is over the age of 25 years and the person to whom he transfers possession of cocaine is under the age of 18. La.R.S. 40:981(A). Treating the buyer as a principal in the act of distribution by the drug seller would "erase, or at least blur, this legislative distinction." State v. Morris, 77 Wash.App. 948, 896 P.2d 81, 83 (1995). As the provisions of La.R.S. 40:981 show, when the legislature has expressly considered both sides of an exchange involving the transfer of controlled substances, it has increased only the penalties imposed on the distributor, or the person "who delivers a controlled dangerous substance. La.R.S. 40:961(15); see La. R.S. 40:981.1 (Distribution to a Student); La. R.S. 40:981.3 (Distribution within 1000 feet of a public school or drug treatment facility). In the absence of an explicit directive from the legislature that the purchaser or recipient/possessor is as culpable as the distributor in the transfer of controlled substances, we decline to sanction such a rule. To the extent that State v. Simon conflicts with this decision, we expressly overrule it.
Accordingly, while the trial court's charge on principals was an otherwise wholly correct statement of the general law of parties in Louisiana, it had no application in the present context and invited jurors to return a verdict not supported by the evidence at trial. Because jurors necessarily found that relator took possession of cocaine rocks exchanged by agent Sims, we vacate relator's conviction for distribution of cocaine, enter a judgment of guilty of simple possession of cocaine, and remand this case to the district court for resentencing. La.C.Cr.P. art. 821(E). This disposition does not affect relator's conviction for obstruction of justice, which we affirm, but does require vacating relator's sentence on that count as well. When the obstruction of justice involves a criminal proceeding in which a sentence necessarily at hard labor may not be imposed, La.R.S. 14:130.1(B)(3) calls for a sentence of no more than five years imprisonment with or without hard labor.
Accordingly, we affirm relator's conviction, as amended, for simple possession of cocaine, vacate his sentence for obstruction of justice, and remand this case to the district court for resentencing on both counts.
CONVICTION FOR DISTRIBUTION OF COCAINE AMENDED TO SIMPLE POSSESSION OF COCAINE AND SENTENCE VACATED; SENTENCE FOR OBSTRUCTION OF JUSTICE VACATED; CASE REMANDED FOR RESENTENCING.
KIMBALL, J., concurs and assigns reasons.
*899 KIMBALL, Judge, concurring.
While I concur with the result reached by the majority in this case, I write separately to note that this case does not, in my opinion, stand for the proposition that the legislature cannot enact a single statute prohibiting and punishing equally both the purchaser and seller of narcotics. Instead, in my view, this case stands only for the proposition that a purchaser of narcotics cannot be charged and convicted for distribution of narcotics under the law as it presently exists.
Louisiana law presently contains several examples of single statutes which punish individuals on both sides of the same transaction equally. For example, La.R.S. 14:118(A)(1), defining and prohibiting public bribery, makes the "giving or offering to give, directly or indirectly, anything of apparent or prospective value to any of the following persons, with the intent to influence his conduct in relation to his position, employment, or duty...." La.R.S. 14:118(A)(2) further states that "[t]he acceptance of, or the offer to accept, directly or indirectly, anything of apparent present or prospective value, under such circumstances, by any of the above named persons, shall also constitute public bribery." See also La.R.S. 14:73, prohibiting commercial bribery; La.R.S. 14:118.1, prohibiting bribery of sports participants; La.R.S. 14:119, prohibiting bribery of voters; La.R.S. 14:119.1, prohibiting bribery of school children; La.R.S. 14:120, prohibiting corrupt influencing; La.R.S. 14:91.8, prohibiting the sale to or purchase by persons under age eighteen of tobacco products; La. R.S. 14:93.1, prohibiting the use of model glue as an inhalant and the sale of model glue to a minor; La.R.S. 14:95.7, prohibiting the possession, receipt, sale, purchase, carrying or transporting of firearms which have obliterated serial numbers or identifying marks; La.R.S. 14:101.1, prohibiting the purchase or sale of human organs; La.R.S. 14:133.3, prohibiting falsification of drug tests.