802 So.2d 905 (2001)
STATE of Louisiana
v.
Brad BADEAUX.
No. 01-KA-618.
Court of Appeal of Louisiana, Fifth Circuit.
November 27, 2001.
*906 Paul D. Connick, Jr., District Attorney, Thomas J. Butler, Assistant D.A., Terry M. Boudreaux, Assistant D.A., Donald A. Rowan, Jr., Assistant D.A., Gretna, LA, for Plaintiff-Appellee.
James A. Williams, Gretna, LA, for Defendant-Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, Jr., MARION F. EDWARDS and WALTER J. ROTHSCHILD.
DUFRESNE, Chief Judge.
The Jefferson Parish District Attorney filed a bill of information charging defendant, Brad Badeaux, with violations of LSA-R.S. 14:42.1, forcible rape (count one), and LSA-R.S. 14:43.4, aggravated oral sexual battery (count two). Following a two day trial, the jury, on count one, found defendant guilty of the responsive verdict of sexual battery, LSA-R.S. 14:43.1. On count two, the jury returned a verdict of not guilty. Defendant thereafter filed a motion for new trial which the trial court heard and denied. Following this denial and defendant's waiver of delays, the trial court sentenced him to five years at hard labor without benefit of parole, probation, or suspension of sentence. Defendant now appeals.

FACTS
At trial, the victim, Dale Stefanow, testified that on June 27, 2000, at approximately 3:30-4:00 a.m., while a patron of the Happy Hour Bar in Westwego, she was approached by two men in a blue car. She asked the two men, identified as defendant Brad Badeaux and Percy Johnson, if they were "looking to party." Defendant then inquired "how much for the both of them?" to which she responded, "fifty dollars a piece."
Stefanow entered the car, and the three proceeded to a secluded area, which the victim described as a gravel pit. Stefanow asked the two men to see the money. When the victim saw what looked like a five dollar bill, she told Johnson and defendant that she "did not want to do this, let's go." However, her request to leave was refused, and they insisted on continuing.
According to the victim, they exited the car at which time defendant pushed her to the ground and took off her pants and shoes. Johnson had sex with her while she performed oral sex on defendant. When she tried to stop and catch her breath, defendant punched her and told her to continue. Stefanow further testified that defendant then had sex with her, while she performed oral sex on Johnson. At some point during this encounter, defendant tried to perform anal sex on the victim. Stefanow resisted and started kicking and hitting him. She also claimed that she tried to strike defendant with a screwdriver, but that Johnson and defendant knocked it out of her hand. During this incident, defendant punched Stefanow several times and kicked her in the stomach twice.
Defendant and Johnson got into the car and left the scene. Stefanow put on her clothes and began walking back to the Happy Hour Bar. While she was walking, Officer Chris Benoit of the Westwego Police *907 Department stopped her. She informed the police that she had been raped, and gave them a description of the perpetrators. Additionally, the police were given a description of the car as well as the license plate number. On their way back to the crime scene, they saw the suspect vehicle and stopped it. Stefanow identified the two men and they were thereafter arrested.
During her testimony, Stefanow claimed that she told defendant to stop and further that she had sex with him because she was terrified. She further admitted that at the time of the incident, she was a prostitute, five months pregnant, and a drug user.
In addition to the testimony of the victim, the jury was also presented with the testimony of Percy Johnson, one of the alleged perpetrators.[1] Johnson testified that the victim entered the car, and that she directed them where to go. He stated that the victim performed oral sex on him first, and then she did the same to defendant. Johnson testified that while he was sitting in the car, defendant and the victim had sexual intercourse, and that afterwards, defendant asked the victim if he could perform anal sex on her. Johnson claimed that the victim said no, and that defendant became mad and began beating her. He stated that he stopped the defendant from beating the victim.
Dr. Stephen Cohen, accepted as an expert in obstetrics and gynecology, performed rape and pelvic examinations on the victim. He testified that the vaginal entry showed no lacerations, the external genitals showed no redness, and that he found no live sperm. Dr. Cohen stated that the victim had abrasions on her back and right thigh, as well as a cut lip. On cross-examination, Dr. Cohen testified that there was no evidence of forcible intercourse or blood around the external portion of the rectum.
After considering the evidence presented at trial, the jury found defendant guilty of one count of sexual battery.

SUFFICIENCY OF THE EVIDENCE
In his first assignment of error, defendant challenges the sufficiency of the evidence used to convict him of sexual battery.
The constitutional standard for testing the sufficiency of the evidence, enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt. State v. Ortiz, 96-1609 (La.10/21/97), 701 So.2d 922, cert. denied, 524 U.S. 943, 118 S.Ct. 2352, 141 L.Ed.2d 722 (1998).
In the present case, defendant was convicted of sexual battery. That offense is defined in LSA-R.S. 14:43.1 as follows:
A. Sexual battery is the intentional engaging in any of the following acts with another person, who is not the spouse of the offender, where the offender acts without the consent of the victim, or where the other person has not yet attained fifteen years of age and is at least three years younger than the offender:
(1) The touching of the anus or genitals of the victim by the offender using any instrumentality or any part of the body of the offender; or
(2) The touching of the anus or genitals of the offender by the victim using *908 any instrumentality or any part of the body of the victim.
On appeal, defendant specifically claims that the state failed to prove that he touched the victim's anus or genitals with any part of his body or with any instrumentality. We find this argument to be without merit. The victim testified that she was forced to perform oral sex on defendant, that defendant had vaginal intercourse with her, and that defendant attempted to insert his penis into her anus. Stefanow testified, "Brad tried putting in my butt, and I started kicking him; and that's when he started hitting me, and he kicked me twice in my stomach and Percy stopped him." Her testimony proceeded as follows:
"He [Brad] went to shove it somewhere it don't belong, and I started kicking him; and that's when I grabbed my screwdriver." Percy Johnson also testified that defendant tried to perform anal sex on the victim.
In light of the testimony adduced at trial, the jury was reasonable to conclude that some form of intentional sexual touching occurred on the victim by the defendant without the consent of the victim. Accordingly, we find that the state proved beyond a reasonable doubt that defendant committed sexual battery upon the victim. This assigned error is without merit.

DENIAL OF MOTION FOR NEW TRIAL
On appeal, defendant also argues that the trial court erred in denying his motion for new trial. Defendant filed a motion for new trial pursuant to LSA-C.Cr.P. art. 851(1) alleging that the "verdict is contrary to the law and the evidence." The trial judge conducted a hearing on the motion and after listening to arguments of counsel, he denied the motion for new trial, stating as follows:
Mr. Williams makes a good argument and if Mr. Badeaux had been convicted of rape, I would be inclined to grant your motion, but from the reading of the charges and from hearing of the testimony, it appears to meand I wasn't in the jury room when they deliberated but it appears to me that the jurors were able to sort it out in the sense that it wasn't until Mr. Badeaux wanted anal sex with the victim that it was a forcible situation. And the charge on sexual battery, just the mere touching with the genitals satisfies the law as far as sexual battery is concerned. I'm going to deny your motion.
Pursuant to LSA-C.Cr.P. art. 851, the motion for new trial is based upon the supposition that an injustice has been done to the defendant, and unless such injustice is shown, the new trial motion shall be denied no matter upon what allegations the motion is grounded. In a motion for new trial, the trial judge can only review the weight of the evidence and as such make a factual review as a "thirteenth juror," rather than under the sufficiency of evidence standard enunciated in Jackson v. Virginia, supra. The ruling on a motion for new trial is committed to the sound discretion of the trial judge and will be disturbed on appeal only where there is a clear showing of abuse of that discretion. State v. Battie, 98-1296 (La.App. 5 Cir. 5/19/99), 735 So.2d 844.
After reviewing the evidence presented at trial and in light of our discussion in the previous assignment of error, we find that the trial judge did not err in denying defendant's motion for new trial. This assigned error is likewise without merit.

ERROR PATENT DISCUSSION
We have also reviewed the record for errors patent in accordance with LSA-C.Cr.P. *909 art. 920 and State v. Oliveaux, 312 So.2d 337 (La.1975). Our review reveals that the trial judge failed to advise defendant at the time of sentencing of the prescriptive period for post conviction relief as is mandated by LSA-C.Cr.P. art. 930.8. Accordingly, we remand the matter to the trial court with instructions to advise defendant of the provisions of LSA-C.Cr.P. art. 930.8 by sending appropriate written notice to him within ten days of the rendition of this opinion and to file written proof that defendant received the notice in the record of these proceedings. State v. George, 99-887 (La.App. 5 Cir. 1/4/00), 751 So.2d 973.
We further note that defendant was convicted of LSA-R.S. 14:43.1, a "sex offense" as defined by LSA-R.S. 15:542E. LSA-R.S. 15:540 et. seq. requires registration of sex offenders. However, the trial judge did not provide written notification of the registration requirements of LSA-R.S. 15:542 as required by LSA-R.S. 15:543A. We therefore order that the trial court inform defendant of the registration requirements of LSA-R.S. 15:542 by sending appropriate written notice to defendant within ten days of this opinion, and to file written proof in the record that defendant received such notice. State v. Stevenson, 00-1296 (La.App. 5 Cir. 1/30/01), 778 So.2d 1165.
We lastly note that defendant filed a motion for reconsideration of sentence on March 2, 2001; however, there is no indication in the record that the trial court ruled on this motion. Even though defendant does not challenge his sentence on appeal, it is nonetheless necessary to remand the case for a ruling on the motion and supplementation of the record with the results. State v. Simmons, 00-1037 (La. App. 5 Cir. 2/28/01), 781 So.2d 821.
For the reasons set forth herein, we affirm defendant's conviction and sentence and remand the matter for further proceedings in accordance with this opinion.
CONVICTION AND SENTENCE AFFIRMED, REMANDED.
NOTES
[1] Johnson told the jury that, in exchange for his testimony, the state dismissed the rape charge against him and that he pled guilty to aggravated oral sexual battery.