885 So.2d 508 (2004)
STATE of Louisiana
v.
Heather SMITH.
No. 2004-KK-1123.
Supreme Court of Louisiana.
September 24, 2004.
*509 PER CURIAM.
The state's application is granted, the ruling of the court of appeal is reversed, and the judgment of the trial court denying defendant's motion to quash the prosecution against her for second degree murder in violation of La.R.S. 14:30.1(A)(3)(distribution of a controlled substance which directly causes of the death of the recipient), and for possession of MDMA (ecstasy) with intent to distribute in violation of La.R.S. 40:966(A)(1), is reinstated.
The state maintains, in part on the basis of custodial statements made by the defendant and her co-defendant following their arrests, that the defendant embarked on a joint venture with three other persons, including the victim, to purchase MDMA for their own use; that the defendant took cash provided by another member of the joint venture and made the purchase of the drug from a source at a separate location; that the defendant then returned to the victim's residence where the drug was divided among the various participants in the venture; and that the victim then died after ingesting some of the drug.
Given these circumstances, the court of appeal concluded that the four participants in the venture "jointly purchased and jointly used the ecstasy tablets" and that defendant had been "a mere purchaser and user." State v. Smith, 03-1556 (La.App. 1st Cir.4/2/04). Applying the rule in Louisiana that a buyer of a controlled substance in Louisiana is not a principal in the act of delivery and may not be charged with distribution of the drug, State v. Celestine, 95-1393 (La.1/26/96), 671 So.2d 896, the court of appeal ordered the prosecution quashed and the defendant discharged from custody because the state's allegations showed that she did not "distribute" the ecstasy which ultimately caused the victim's demise and did not, as a mere possessor and user of the drug, have the intent to distribute the drug to the other persons in the venture.
Some authority exists for the proposition endorsed by the court of appeal that "where two individuals simultaneously and jointly acquire possession of a drug for their own use, intending only to share it together, their only crime is personal drug abuse  simple joint possession, without any intent to distribute the drug further." United States v. Swiderski, 548 F.2d 445, 450 (2nd Cir.1977); see also People v. Edwards, 39 Cal.3d 107, 216 Cal.Rptr. 397, 702 P.2d 555, 559, n. 5 (1985) ("[O]ne who acts as a go-between or agent of either the buyer or seller clearly may be found guilty of furnishing as an aider and abettor to the seller.... However, because one who merely purchases drugs is not guilty of furnishing as an aider and abettor of the seller ... an equal partner in a copurchase cannot be found guilty of furnishing to his copurchaser on a theory that he aided and abetted the actual seller."). The rationale underlying this rule is that "[s]ince both acquire possession from the outset and neither intends to distribute the drug to a third person, neither serves as a link in the chain of distribution." Swiderski, 548 F.2d at 450.
However, Louisiana law also holds that "an intermediary who arranges or facilitates the transfer of narcotics from the *510 seller to the buyer may ... be charged and punished as a principal in the act of distribution." Celestine, 95-1393 at 3, 671 So.2d at 897 (citations omitted). In the present case, the state alleges that defendant took delivery of the drug from her "source" and then made a second delivery to the other members in the joint venture when she brought the drugs back to the victim's residence. See La.R.S. 40:961(10) (defining distribution of controlled substances in terms of delivery, or "the transfer of a controlled dangerous substance, whether or not there exists an agency relationship."). If the state proves these circumstances at trial, a jury may rationally conclude that defendant made herself an intermediary in the transaction by serving as a link in the distribution of the drug from its source to its ultimate users, which included herself but also included other persons not present at the initial delivery, and rendered herself a principal in the act of distribution. See United States v. Washington, 41 F.3d 917, 920 (4th Cir.1994)("We agree ... that a defendant who purchases a drug and shares it with a friend has `distributed' the drug even though the purchase was part of a joint venture to use drugs."); United States v. Speer, 30 F.3d 605, 608-09 (5th Cir.1994)(distinguishing Swiderski because "[i]t is undisputed that at least some of the cocaine was intended by the trio to be subsequently distributed to [another member of the joint venture] who was not at or near the scene of the transaction."); Long v. United States, 623 A.2d 1144, 1151 (D.C.App.1993)(because the defendant "brought heroin home to his friends and ... was about to pass several packets on to them when his plans were interrupted by a police battering ram.... Long had already begun to serve, and was intending to continue to serve, `as a link in the chain of distribution.'" (quoting Swiderski); United States v. Wright, 593 F.2d 105, 108 (9th Cir.1979)("This is not a case in which two individuals proceed together to a place where they simultaneously purchased a controlled substance for their personal use.... Wright operated as the link between the person with whom he intend to share the heroin and the drug itself.")); State v. Moore, 529 N.W.2d 264, 266 (Iowa 1995)("[O]ne who shares drugs with others has transferred the drugs within the meaning of statutes prohibiting the distribution, furnishing or delivery of controlled substances. A transfer occurs when the drugs are shared even though joint funds were used to purchase the drugs."); cf. State v. Carithers, 490 N.W.2d 620 (Minn.1992) (when married couple jointly acquire a controlled substance and one spouse dies after ingesting the drug, surviving spouse not guilty of felony murder on a theory that victim died as the result of delivery of controlled substances by one spouse to the other). If accepted by a factfinder, that same evidence could lead the factfinder to conclude that defendant possessed the intent to distribute the drug obtained from her source to the other persons involved in the joint enterprise.
The trial court therefore properly denied defendant's motion to quash. Cf. State v. Legendre, 362 So.2d 570, 571 (pre-trial motion to quash on grounds of a defense going to the merits appropriate remedy only if charges based "upon an allegation of fact which cannot conceivably satisfy an essential element of the crime"). This case is accordingly remanded to the district court for further proceedings consistent with the views expressed herein.