JjPER CURIAM.
The state’s application is granted and the rulings of the court of appeal and trial court, which granted defendant’s motion to quash the prosecution against him for second degree murder in violation of La. R.S. 14:30.1(A)(3) (distribution of a controlled substance which directly causes the death of the recipient) and for possession of MDMA (ecstasy) with intent to distribute in violation of La. R.S. 40:966(A)(1), are reversed.
The state maintains, in part on the basis of custodial statements made by the defendant and co-defendant, Heather Smith, following their arrests, that the defendant embarked on a joint venture with three other persons, including the victim, to purchase MDMA for their own use; that the defendant provided cash to Smith who thereafter purchased the drug from a source; that when Smith returned to the residence of the defendant and victim, the drug was divided and shared among the various participants in the venture; and that the victim then died after ingesting some of the drug.
This Court recently issued a per curiam opinion with regard to the motion to quash the same charges against Smith. See State v. Smith, 2004-1123 (La.9/24/04), 885 So.2d 508. While acknowledging the rule in State v. Celestine,[1] that “a buyer of a controlled substance in Louisiana is not a principal in the act of delivery and may | {.not be charged with distribution of the drug,” the Court also looked to Louisiana law which states that “an intermediary who arranges or facilitates the transfer of narcotics from the seller to the buyer may ... be charged and punished as a principal in the act of distribution.” Smith, 2004-1123 p. 509-10, citing Celestine, 95-1393 p. 3, 671 So.2d at 897 (citations omitted). Although the defense in Smith sought to characterize Smith’s role as a mere possessor and user of the drug, this Court found that, if the state proves the circumstances it has alleged at trial,
a jury may rationally conclude that defendant made herself an intermediary in the transaction by serving as a link in the distribution of the drug from its source to its ultimate users, which included herself but also included other persons not present at the initial delivery, and rendered herself a principal in the act of distribution.[2]
Likewise, the defendant seeks to characterize his role as that of a mere purchaser and user of the drug. However, if the state proves the circumstances it has alleged at trial, the factfinder may rationally conclude that the defendant aided and abetted Smith in her actions as intermediary, in the delivery of the drugs to persons other than himself, which would make him a principal to the crimes. Moreover, it is for the factfinder to determine whether the defendant’s actions alone were sufficient to prove actual distribution.
This Court has previously held that “[i]n considering a motion to quash, a court must accept as true the facts contained in *766 the bills of information and in the bill of particulars, and determine as a matter of law and from the face of the pleadings, whether a crime has been charged; while evidence may be adduced, such may not include a defense on the merits.” State v. Byrd, 96-2302 p. 18-19 (La.3/13/98), 708 So.2d 401, 411. Under the circumstances presented here, the trial court abused its discretion in granting the defendant’s motion to quash. This case is accordingly [¡¡remanded to the district court for further proceedings consistent with the views expressed herein.
CALOGERO, C.J., would grant and docket.
KIMBALL, J., would grant and docket.

. State v. Celestine, 95-1393 p. 1-2 (La. 1/26/04), 671 So.2d 896, 897.

. Smith, 2004-1123 at 510.