THOMAS F. DALEY, Judge.
The defendant, Torey Brown, has appealed his conviction of possession with intent to distribute cocaine. For the reasons that follow, we affirm.
FACTS:
Jefferson Parish Sheriffs Office (JPSO) Agent Derrick Castine testified that he received a complaint that illegal narcotics were being distributed at Holmes Boulevard in Terrytown. JPSO Agent Syretta Ussin testified that, on October 28, 2002, she was sent to that location in an undercover capacity in order to purchase narcotics. She testified regarding the details of the transaction stating that as she was driving on Holmes Boulevard, she saw two men, one of whom she later identified as defendant, standing outside.[1] She pulled over, rolled down the window, and asked if they could tell her where she could get some “twenties.”[2]
| sAgent Ussin testified that defendant and a little boy walked over to her vehicle, and defendant said he could not hear her. Agent Ussin again asked if he knew where she could get some “twenties”, and defendant said that she could get some “right down the street.” Defendant asked her how many she wanted, and Agent Ussin gave him an amount. Defendant told Agent Ussin that it would take him approximately three minutes, and that he would be right back.
Agent Ussin testified that defendant returned to the vehicle with a man wearing a white T-shirt. The man handed Agent Ussin five rocks of crack cocaine, and defendant asked her if he could get a piece. Agent Ussin told him he could not and gave the other man $100.00 in pre-record-ed currency in exchange for the crack cocaine. She testified that the other man said something to defendant, and then defendant and the other man walked off to *807 gether. The transaction was recorded on videotape, which was played for the jury.
The testimony then indicated that Agent Ussin met Agent Castine in a prearranged location where Agent Ussin handed over the videotape and drugs. Agents Ussin and Castine explained that a description of defendant was given to deputies in a Project Star[3] unit in order to obtain an identification. The Project Star unit stopped defendant, took a. photograph of defendant and obtained his name, address, social security number, height, weight, and date of birth. Agent Castine later presented a photographic lineup to Agent Ussin, and she positively identified defendant as the person who facilitated the drug transaction.
Andrea Travis, a JPSO forensic scientist and a stipulated expert in the field of analysis and examination of controlled dangerous substances, testified that the substance in this case tested positive for crack cocaine.
|4Pefendant, age twenty-six, testified that he had been addicted to crack cocaine for the past eight years. He explained that, on the day in question, he walked over to Agent Ussin’s vehicle with his five-year-old son. When she asked him for “twenties,” he told her he knew where she could get some. Defendant then left Agent Ussin, brought his son home, and went to find “Tasha,” the person he usually bought drugs from.
Defendant explained that when he could not find Tasha, he headed back to Agent Ussin’s vehicle. As he did so, he was approached by Derrick, a man from the neighborhood who knew he was a drug user. Derrick asked defendant if he wanted something, and defendant said he did not have any money, but “ ‘she have money. She want something[.]’ ” Defendant testified that Derrick accompanied him to Agent Ussin’s vehicle and Derrick gave her five rocks of crack cocaine. Defendant testified that neither Agent Ussin nor Derrick would give him any of the crack cocaine.
Defendant explained that he was an addict and not a drug dealer, and that his only intention was to get drugs so he could get “high.” He testified that he did not have any drugs or money on him that day, that he never sold drugs, and that he did not give drugs to Agent Ussin. He admitted that he had a previous conviction for simple burglary in 1997.
At the conclusion of trial, the twelve person jury found the defendant guilty of possession with intent to distribute cocaine. The defendant then pled guilty to the State’s multiple bill and was sentenced to fifteen years imprisonment.
LAW AND DISCUSSION:
In his sole Assignment of Error, defendant argues that the evidence was insufficient to support the verdict. He contends that he cannot be found guilty of | Joeing a principal to distribution of cocaine because the rule of lenity requires that an alleged ambiguity in La. R.S. 14:24, the law of principals, be resolved in his favor. He notes that his intention at the time of the offense was merely to assist the purchaser of the cocaine in the hope that he would be given some of the cocaine.
The State responds that the evidence was sufficient to support the verdict. It argues that the evidence showed that defendant was a principal to the distribution of cocaine in that he facilitated the delivery of the cocaine by locating someone to sell drugs to the buyer and by bringing the seller to the buyer for that purpose.
*808 The standard of review for the sufficiency of evidence to uphold a conviction is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could conclude that the State proved the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).
Distribution of cocaine is defined in La. R.S. 40:967(A)(1), which provides that it is unlawful for any person to knowingly or intentionally distribute a controlled dangerous substance classified in Schedule II. Cocaine is classified in Schedule II as a controlled substance. La. R.S. 40:964(A)(4). The term “distribute” is defined as “to deliver a controlled dangerous substance ... by physical delivery.” La. R.S. 40:961(14). “Delivery” has been jur-isprudentially defined as transferring possession or control. State v. Staggers, OS-655 (La.App. 5 Cir. 10/28/03), 860 So.2d 174, 177 (citation omitted).
According to the statutory law of principals in Louisiana,
[a]ll persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals.
La. R.S. 14:24; State v. Bartley, 00-1370 (La.App. 5 Cir. 2/14/01), 782 So.2d 29, 32A 33, writ denied, 01-717 (La.2/22/02), 809 So.2d 981.
To support a defendant’s conviction as a principal, the State must show that the defendant had the requisite mental state for the crime. State v. Saylor, 01-451 (La.App. 5 Cir. 11/27/01), 802 So.2d 937, 941, writ denied, 01-3406 (La.10/4/02), 826 So.2d 1122. Distribution of cocaine is a general intent crime that can be established simply by proving voluntary distribution. State v. Banks, 307 So.2d 594, 597 (La.1975).
As a general rule, the law of principals applies to all crimes including those for the offense of narcotics distribution, defined as the “delivery” or transfer of possession and control over controlled substances. State v. Celestine, 95-1393 (La.1/26/96), 671 So.2d 896; 897. In Louisiana, an intermediary who arranges or facilitates the transfer of narcotics from the seller to the buyer may, therefore, be charged and punished as a principal in the act of distribution. Id.
In State v. Carr, 1999-2209 (La.5/26/00), 761 So.2d 1271, 1274, cited by defendant in his brief, the Supreme Court discussed the principle of lenity (citations omitted):
It is a well-established tenet of statutory construction that criminal statutes are subject to strict construction under the rule of lenity.... Thus, criminal statutes are given a narrow interpretation and any ambiguity in the substantive provisions of a statute as written is resolved in favor of the accused and against the State.... The principle of lenity is premised on the idea that a person should not be criminally punished unless the law provides a fair warning of what conduct will be considered criminal.... The rule is based on principles of due process that no person should be forced to guess as to whether his conduct is prohibited....
 Although criminal. statutes are subject to strict construction under the rule of lenity, State v. Carr, supra, the rule is not to be applied with “ ‘such unreasonable technicality as to defeat the purpose of all rules of statutory construction, which ^purpose is to ascertain and enforce the true meaning and intent of the statute.’ ” State v. Everett, 00-2998 (La.5/14/02), 816 So.2d 1272, 1279 (quoting State v. Brous- *809 sard; 213 La. 338, 342, 34 So.2d 883, 884 (La.1948)). A criminal statute, like all other statutes, should be so interpreted as to be in harmony with, preserve, and effectuate the manifest intent of the legislature, and an interpretation should be avoided, which would operate to defeat the purpose and object of the statute. State v. Brown, 03-2788 (La.7/6/04), 879 So.2d 1276, 1280, cert. denied, — U.S. -, 125 S.Ct. 1310, 161 L.Ed.2d 161 (2005); Broussard, 34 So.2d at 884.
In State v. Nichols, 00-1087 (La.App. 5 Cir. 10/31/00), 772 So.2d 263, 265-266, this Court discussed the case of State v. Celestine, which was also cited by defendant in his brief:
The Louisiana Supreme Court, in State v. Celestine, 95-1393 (La.1/26/96), 671 So.2d 896, addressed the law of principals under LSA-R.S. 14:24 within the context of a narcotics offense. After purchasing cocaine from an undercover officer conducting a “reverse sting” operation, the defendant in Celestine was charged and convicted of distribution of cocaine in violation of LSA-R.S. 40:967(A)(1). Prior to trial, defense counsel moved to quash the distribution charge on the ground that the defendant purchased, but did not distribute the cocaine. The trial court denied the motion, and the ease proceeded to trial. Over defense objection, the trial court gave the jury a principal charge under LSA-R.S. 14:24. Following his conviction on the cocaine distribution charge, the defendant appealed to the First Circuit, which affirmed the conviction and sentence. State v. Celestine, 94-0845 (La.App. 1 Cir. 5/5/95), 655 So.2d 818. The Louisiana Supreme Court granted the defendant’s application for review to consider whether the defendant-purchaser in Celestine could be convicted as a principal on a cocaine distribution charge. In a per curiam opinion with one concurrence, the supreme court held that the Louisiana principal statute was inapplicable in the case and that the defendant was guilty of cocaine possession, but not distribution. The defendant’s distribution conviction was amended to simple possession of cocaine, his sentence was vacated, and the case was remanded for resentencing. Celes-tine, 95-1393, p. 6, 671 So.2d at 898.
The Louisiana Supreme Court based its decision in Celestine on the distinction between narcotics distributors and purchasers imposed by the Legislature under our Uniform Controlled Dangerous Substances - Law. LSA-R.S. 40:961, et seq. Because narcotics distribution presents a high potential of danger to society, the ^Legislature enacted sentencing provisions exposing narcotics distributors to penalties greater than narcotics possessors. Treating narcotics purchasers as principals to the act of drug distribution effectively ignores this distinction created by the Legislature. In Celestine, the Louisiana Supreme Court refused to ignore that distinction. Celestine, 95-1398, pp. 4-5, 671 So.2d at 898.
In the instant case, defendant argues that, although La. R.S. 14:24 provides that the law of principals applies to all persons concerned in the commission of a crime, the Supreme Court in Celestine limited the scope of what defendant contends is the statute’s broad and ambiguous coverage. Thus, defendant argues that the rule of lenity requires that La. R.S: 14:24’s alleged ambiguity should be resolved in his favor. As such, he claims that the evidence was insufficient to convict him of being a principal to cocaine distribution.
Defendant’s interpretation and application of Celestine is incorrect. The Supreme Court in Celestine did not find that *810 there was ambiguity in La. R.S. 14:24. Rather, it concluded that the scope of La. R.S. 14:24 did not extend to a narcotics purchaser. The Supreme Court in Celes-tine did not base its decision on the principle of lenity. Instead, it based its decision on the distinction between narcotics distributors and purchasers imposed by the Louisiana Legislature under our Uniform Controlled Dangerous Substances Law.
Additionally, Celestine is factually distinguishable and, therefore, inapplicable to the instant case. In Celestine, the defendant purchased cocaine and was charged with being a principal to distribution of cocaine. However, in the instant case, the testimony at trial established that the defendant facilitated the transfer of cocaine from the seller to the undercover officer by locating the seller and bringing him to the undercover officer for that purpose. The defendant did not dispute the officer’s account of his actions during the trial; rather, he stated that he acted in the hope of receiving crack from the officer for his role. It is clear that the | defendant specifically intended for the seller to deliver the cocaine to the buyer and that he facilitated the delivery by locating someone to sell drugs to the buyer and by bringing the seller to the buyer for that purpose. Thus the evidence is sufficient to prove that the defendant acted 'as an intermediary to arrange the transfer of cocaine from the seller to the buyer. One who acts as an intermediary can be charged and punished as a principal in the act of distribution. Accordingly, we find no merit to defendant’s argument.
For the foregoing reasons, the defendant’s conviction is affirmed.

AFFIRMED.

. Agent Castine explained that the vehicle was equipped with a video recorder to record the transaction and a transmitter to monitor it, and that he was on the surveillance team.

. Agent Castine testified that a "twenty” was street language for a $20.00 rock of crack cocaine.

. Project Star is a community policing program run by JPSO.