UNITED STATES of America, Plaintiff-Appellee,

v.

Charles J. SCANNAPIECO, Defendant-Appellant.

No. 79–5009.

United States Court of Appeals, Fifth Circuit.

Feb. 11, 1980.

Ed Leinster, Orlando, Fla., for defendant-appellant.

Mark L. Horwitz, Asst. U. S. Atty., Orlando, Fla., for plaintiff-appellee.

Before GODBOLD, GEE and RUBIN, Circuit Judges.

GODBOLD, Circuit Judge:

This is a companion case to *U. S. v. Brooks,* 611 F.2d 614, decided the same date.

Scannapieco was a salesman in Brooks' store. Under Count One he was charged with aiding, abetting and causing Brooks to sell and deliver a firearm to Robert Chamberland on December 7, 1977, knowing and having reasonable cause to believe that Chamberland did not reside in the State of Florida, in violation of 18 U.S.C. § 922(b)(3). Count Three is a similar count charging aiding and abetting and causing Brooks to sell to Michael Zezima a firearm on December 7, 1977, knowing and having reasonable cause to believe that Zezima did not reside in Florida.

In *Brooks* we have covered contentions, repeated here, that § 922(b)(3) is unconstitutionally vague. Scannapieco makes an additional argument that the statute is vague as applied to him because it does not give notice that an employee of a licensee can be an aider and abettor. There is no merit to this.

There is no merit to the argument that government documents showing that Brooks was a licensee were improperly authenticated.

The court gave the following instruction over objection:

If the seller licensee at the time of sale knows or has reasonable cause to believe that the real buyer is a nonresident of the state and the purchase by the resident intermediary is just a subterfuge, then the seller would be violating the law.

Scannapieco insists that this instruction requires a dealer to verify in every sale that the purchaser is not a resident intermediary for an out of state resident, and even forbids his selling a firearm to a resident who intends to make a gift of it to a nonresident. We have rejected substantially the same argument in *Brooks.* The instruction was properly limited to the "real buyer" who is a nonresident and to a purchase made as a subterfuge by a resident intermediary. There was no error in this instruction. Also the instructions given in answer to questions by the jury were not erroneous.

Scannapieco moved for judgment of acquittal, contending that he could not be found guilty as an aider and abettor because there was no principal who was guilty of the offense, since licensee, Brooks, who operated as an individual proprietorship, was not present in the store when the December 7 sales were made, took no part in them, and was not convicted of them. But Scannapieco was also charged with "causing" Brooks to sell. At least since the 1951 amendment to 18 U.S.C. § 2(b), an accused may be convicted as a causer even

though not himself legally capable of personally committing the act forbidden by federal statute. *U. S. v. Lester*, 363 F.2d 68 (6 Cir. 1966), *cert. denied*, 385 U.S. 1002, 87 S.Ct. 705, 17 L.Ed.2d 542 (1967).

AFFIRMED.