748 So.2d 1210 (1999)
STATE of Louisiana
v.
Clarence MOTEN.
No. 99-KA-552.
Court of Appeal of Louisiana, Fifth Circuit.
November 30, 1999.
Paul D. Connick Jr., District Attorney, Terry M. Boudreaux, Assistant D.A., Rebecca J. Becker, Assistant D.A., Donald A. Rowan, Jr., Assistant D.A., Spiro Latsis, Assistant D.A., Gretna, LA, for Plaintiff-Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, Jr., THOMAS F. DALEY and CLARENCE McMANUS, Judge Pro Tem.
DUFRESNE, Judge.
The sole issue presented in this appeal is whether the trial court erred in granting the defendant's motion to quash the bill of information. For the reasons set forth herein, we affirm the ruling of the trial court.
The Jefferson Parish District Attorney filed a bill of information charging the defendant, Clarence Moten, with third offense driving while intoxicated ("DWI"), in violation of LSA-R.S. 14:98 D. In the bill, the state alleged that the defendant had previously been convicted two times of DWI, on April 21, 1997, and November 17, 1997. Subsequent to entering a not guilty plea to the charge, the defendant filed a motion to quash the bill of information. In the motion, the defendant alleged that the April and November convictions could not *1211 be used as predicates for the charged third offense because he had not been properly advised of his constitutional rights before entering guilty pleas to those two offenses. Following a hearing, the trial court granted the defendant's motion to quash. From that ruling, the state now appeals.
LSA-C.Cr.P. art. 531 provides that "[a]ll pleas or defenses raised before trial, other than mental incapacity to proceed, or pleas of `not guilty' and of `not guilty and not guilty by reason of insanity,' shall be urged by a motion to quash."
A motion to quash is, essentially, a mechanism whereby pre-trial pleas are urged, i.e., pleas which do not go to the merits of the charge. At a hearing on such a motion, evidence is limited to procedural matters and the question of factual guilt or innocence is not before the court. State v. Byrd, 96-2302 (La.3/13/98), 708 So.2d 401.
In this case, the state contends that the defendant's motion to quash presents a defense on the merits of the charge and is therefore, not the correct procedural mechanism for attacking the validity of the defendant's prior DWI convictions. To support its argument, the state points to the fact that the defendant's motion to quash is not based on any of the grounds listed in the Code of Criminal Procedure.
LSA-C.Cr.P. arts. 532 and 534 contain a list of grounds for motions to quash bills of information. We note that the list of grounds contained in these articles are merely illustrative. State v. Tanner, 425 So.2d 760 (La.1983); State v. Cooper, 449 So.2d 1376 (La.App. 2 Cir.1984). Thus, the fact that the defendant's motion is not based on any of the grounds contained in these articles is not dispositive of the issues raised in this appeal.
We further note that in a similar case, a panel of this court recently addressed the propriety of a motion to quash. In State v. Pertuit, 98-1264 (La.App. 5 Cir. 4/27/99), 734 So.2d 144, the state argued that a motion to quash was not the correct procedural vehicle for attacking the use of the defendant's prior DWI guilty plea. Addressing that argument, this court stated, "the issues raised by the defendant in the motion to quash do not go to the merits of the case, but rather focus on the constitutional validity of the defendant's prior DWI conviction. Thus, we find a motion to quash was, in fact, the correct procedural vehicle by which to raise these issues."
Finally, the state's argument ignores the large number of reported decisions in which a defendant charged with a multiple offense DWI sought to attack the constitutionality of the prior pleas through a motion to quash and the appellate courts did not question the use of that procedural vehicle. In State v. Carlos, 98-1366 (La.7/7/99), 738 So.2d 556, the Louisiana Supreme Court was called upon to decide whether the burden-shifting principles for habitual offender proceedings, set forth in State v. Shelton, 621 So.2d 769 (La.1993), should be extended to the recidivist portions of the DWI statute. In that case, the Supreme Court reviewed the granting by the district court of the defendant's motion to quash the use of a prior DWI guilty plea based on the state's failure to produce a contemporaneous Boykin[1] transcript of that prior plea. Although the Carlos court was not faced directly with the issue of the propriety of the motion to quash, the language employed in that case seems to indicate that a motion to quash would be an appropriate procedural mechanism by which to attack the constitutional validity of prior DWI convictions.[2] In State v. Carlos, the court stated:
We believe that these burden-shifting principles are logically applicable to the *1212 recidivist provisions of the DWI statute. The collateral attack on the prior guilty plea made by Carlos in the motion to quash is closely analogous to the recidivism proceeding at issue in Shelton. In both proceedings, the issue of the constitutionality vel non of prior convictions, which are questions of law for the Court to decide, were squarely placed before the Court in a proceeding separate from the fact questions. In the DWI context, we believe such pre-trial determinations allow for efficient disposal of questions that may impact the integrity of predicate offenses used for sentence enhancement, while giving due respect for final judgments that are owed a presumption of regularity. A Shelton hearing that tests the validity of offenses sought to be used in multiple-offender DWI cases does not, however, remove the burden from the State to prove the existence of the conviction at trial. The State retains the burden at trial to prove the existence of the prior convictions and the defendant's identity as the prior offender.
See also State v. Garrity, 97-958 (La. App. 5 Cir. 1/27/98), 708 So.2d 1096; State v. White, 98-0343 (La.App. 1 Cir. 12/28/98), 727 So.2d 574; State v. Franks, 31,641 (La.App. 2 Cir. 2/24/99), 730 So.2d 998; State v. Thomas, 97-505 (La.App. 3 Cir. 10/29/97), 702 So.2d 1151, writ denied, 97-2966 (La.4/24/98), 717 So.2d 1164.
Based on the reasons set forth herein, we find that the motion to quash can be employed to attack the constitutionality of prior convictions used to enhance a DWI charge. Accordingly, the judgment of the trial court granting the defendant's motion to quash is hereby affirmed.
AFFIRMED.
NOTES
[1] Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)
[2] The state, in its appellate brief, apparently agrees that the issue of the constitutional validity of the prior guilty pleas is a legal determination that should be made by the court prior to trial. However, it contends that the motion to suppress, as opposed to the motion to quash, is the proper procedural vehicle by which to raise the issue.