772 So.2d 263 (2000)
STATE of Louisiana
v.
Lionel NICHOLS.
State of Louisiana
v.
Dearvis Alexander.
State of Louisiana
v.
Robbin Broussard.
State of Louisiana
v.
Thelma Chatters.
State of Louisiana
v.
Irvin Francois.
State of Louisiana
v.
Dwayne G. Alexander.
State of Louisiana
v.
James Angelo.
Nos. 00-KA-1087, 00-KA-1140, 00-KA-1141 and 00-KA-1175 to 00-KA-1178.
Court of Appeal of Louisiana, Fifth Circuit.
October 31, 2000.
*264 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Allison L. Monahan, Assistant District Attorneys, Gretna, for Plaintiff-Appellant.
Robert Glass, New Orleans for Defendant-Appellee Lionel Nichols.
A. Bruce Netterville, Gretna, for Defendants-Appellees Dearvis Alexander and Irvin Francois.
Wiley J. Beevers, Raylyn R. Beevers, Herbert G. Gautreaux, Gretna, for Defendant-Appellee Robbin Broussard.
June B. Darensburg, Indigent Defender Bd., Gretna, for Defendant-Appellee Thelma Chatters.
Donald L. Foret, Metairie, for Defendant-Appellee Dwayne G. Alexander.
Donald F. Deboisblanc, New Orleans, for Defendant-Appellee James Angelo.
(Panel composed of Judges CHARLES GRISBAUM, Jr., EDWARD A. DUFRESNE, Jr. and JAMES L. CANNELLA).
DUFRESNE, Judge.
The sole issue presented in these consolidated appeals is whether the trial courts properly quashed the bills of information charging the various defendants in these cases. For the reasons set forth herein, we affirm the rulings of the trial courts.
In each of these cases, the Jefferson Parish District Attorney filed a bill of information charging the particular defendant with multiple-count violations of LSA-R.S. 37:219, which provides that "[i]t shall be unlawful for any attorney to pay money or give any other thing of value to any person for the purpose of obtaining representation of any client." Each count alleges that the defendant received money from a named attorney, in payment for referring accident victims to the attorney for representation. None of the bills allege, nor does the state contend, that any of the defendants is an attorney. After entering pleas of not guilty at their arraignments, defendants each filed a motion to quash grounded on the argument that defendants are not attorneys and thus are not subject to prosecution under LSA-R.S. 37:219. Following hearings, the various trial courts granted the motions to quash, and the state now appeals those rulings.
On appeal, the state first contends that defendants' argument could not be raised by a pre-trial motion to quash because that argument relates to the defense on the merits of the case. The state next argues that the motions to quash were incorrectly granted because defendants can be convicted of the charged offense as principals. Defendants respond that, under the Louisiana Code of Criminal Procedure, a motion to quash is the proper procedural device to raise their pre-trial challenge to the charges, and that our statutory law on principals does not authorize defendants to be charged or convicted under LSA-R.S. 37:219.
Article 531 of our Code of Criminal Procedure states that "[a]ll pleas or defenses raised before trial, other than mental incapacity to proceed, or pleas of `not guilty' and of `not guilty and not guilty by reason of insanity,' shall be urged by a motion to quash." Article 532 of the Code of Criminal Procedure provides the general grounds for a motion to quash. In particular, that article authorizes a motion to quash based on the ground that "[t]he indictment fails to charge an offense which is punishable under a valid statute." LSA-C.Cr.P. art. 532(1).
Both the Louisiana Supreme Court and this Court have consistently held that a motion to quash is, essentially, a mechanism to urge pre-trial pleas, i.e. pleas which do not go to the merits of the charge. State v. Byrd, 96-2302, p. 18 (La.3/13/98), 708 So.2d 401, 411, cert. denied, 525 U.S. 876, 119 S.Ct. 179, 142 L.Ed.2d 146 (1998); State v. Moten, 99-552, p. 2 (La.App. 5 Cir. 11/30/99), 748 So.2d 1210, 1211. A court considering a motion to quash must accept as true the *265 facts contained in the bills of information and in the bill of particulars, and determine as a matter of law and from the face of the pleadings whether a crime has been charged. While evidence may be adduced on the motion to quash, such evidence may not include a defense on the merits. Byrd, 96-2303, pp. 18-19, 708 So.2d at 411.
The motions to quash filed in these cases challenge the sufficiency of the bills of information. As ground for their motions, defendants argued that they are not attorneys and, as such, cannot be charged under LSA-R.S. 37:219, a statute making unlawful payments by an attorney a relative felony. Since the bills of information do not even allege that defendants are attorneys, the motions to quash could be determined as a matter of law and from the faces of the bills themselves. Accordingly, the motion to quash was the correct procedural device for defendants to raise their challenge to the bills of information filed against them.
The state next argues that the trial courts ignored the law of principals in granting these motions to quash. According to the state, the Louisiana principal statute authorizes defendants to be charged and convicted under LSA-R.S. 37:219 as principals to the offense.
According to the statutory law of principals in Louisiana, "[a]ll persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals." LSA-R.S. 14:24. The state points out the similarity between the Louisiana principal statute and its federal counterpart, 18 U.S.C. § 2(a), and analogizes to federal jurisprudence interpreting the broad scope of the federal principal statute. In its brief, the state cites 18 U.S.C. § 2(a), which provides that "[w]hoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal." The state then notes that the United States Fifth Circuit Court of Appeals recognized the "facially unlimited scope" of that federal statute in U.S. v. Shear, 962 F.2d 488, 493 (5th Cir. 1992).[1] Based on that analogy, the state urges an equally broad interpretation and application of LSA-R.S. 14:24, the Louisiana principal statute.
Analogy to federal law is unnecessary, however, because no vacuum in our own law exists. Under LSA-R.S. 14:24, all persons "concerned" in the commission of an offense, either directly or indirectly, are principals in the crime, and culpable according to the mental state they possess at the time of the offense. State v. Anderson, 97-1301, p. 3 (La.2/6/98), 707 So.2d 1223, 1224.
The Louisiana Supreme Court, in State v. Celestine, 95-1393 (La.1/26/96), 671 So.2d 896, addressed the law of principals under LSA-R.S. 14:24 within the context of a narcotics offense. After purchasing cocaine from an undercover officer conducting a "reverse sting" operation, the defendant in Celestine was charged and convicted of distribution of cocaine in violation of LSA-R.S. 40:967(A)(1). Prior to trial, defense counsel moved to quash the distribution charge on the ground that the defendant purchased, but did not distribute the cocaine. The trial court denied the motion, and the case proceeded to trial. Over defense objection, the trial court gave the jury a principal charge under LSA-R.S. 14:24. Following his conviction on the cocaine distribution charge, the defendant appealed to the First Circuit, which affirmed the conviction and sentence. State v. Celestine, 94-0845 (La. App. 1 Cir. 5/5/95), 655 So.2d 818. The *266 Louisiana Supreme Court granted the defendant's application for review to consider whether the defendant-purchaser in Celestine could be convicted as a principal on a cocaine distribution charge. In a per curiam opinion with one concurrence, the supreme court held that the Louisiana principal statute was inapplicable in the case and that the defendant was guilty of cocaine possession, but not distribution. The defendant's distribution conviction was amended to simple possession of cocaine, his sentence was vacated, and the case was remanded for resentencing. Celestine, 95-1393, p. 6, 671 So.2d at 898.
The Louisiana Supreme Court based its decision in Celestine on the distinction between narcotics distributors and purchasers imposed by the Legislature under our Uniform Controlled Dangerous Substances Law. LSA-R.S. 40:961, et seq. Because narcotics distribution presents a high potential of danger to society, the Legislature enacted sentencing provisions exposing narcotics distributors to penalties greater than narcotics possessors. Treating narcotics purchasers as principals to the act of drug distribution effectively ignores this distinction created by the Legislature. In Celestine, the Louisiana Supreme Court refused to ignore that distinction. Celestine, 95-1393, pp. 4-5, 671 So.2d at 898.
The same precept applies in resolving the present appeals. Our Legislature has imposed distinctions among various criminal offenses relating to payments for referral of clients to attorneys for representation. LSA-R.S. 37:219, the statute at issue in these appeals, makes it a crime for attorneys to pay others for the purpose of obtaining representation of any client. LSA-R.S. 14:356.1 makes it a crime for those providing wrecker services to receive compensation for referring accident victims to attorneys, and LSA-R.S. 14:356.3 makes it a crime for those providing ambulance services to receive compensation for referring accident victims to attorneys. Similarly, LSA-R.S. 14:356 makes it a crime for law enforcement personnel to procure or solicit legal business for an attorney, with the expectation or promise of being paid. Our judicial duty requires us to recognize these legislatively created distinctions in the law and hold that the Louisiana principal statute, LSA-R.S. 14:24, is inapplicable to the cases now under review. The state's argument, while creative, is unpersuasive; and we conclude that the trial courts properly granted defendants' motions to quash in these cases.
For the reasons set forth herein, we find that the motion to quash was the correct procedural vehicle for defendants to raise their challenge to the charges against them and that the trial courts correctly granted those motions. Accordingly, the judgments appealed from are hereby affirmed.
AFFIRMED.
NOTES
[1] The state's brief also includes a quote from the federal Fifth Circuit in U.S. v. Scannapieco, 611 F.2d 619, 620-621 (5th Cir.1980) interpreting the broad scope of the federal principal statute. However, the quotation in the state's brief was based on 18 U.S.C. § 2(b), rather than 18 U.S.C. § 2(a), on which the state relies to support its argument.