784 So.2d 43 (2001)
STATE of Louisiana,
v.
Jeffrey D. BRANCH.
No. 00-KA-1668.
Court of Appeal of Louisiana, Fifth Circuit.
March 28, 2001.
*44 Paul D. Connick, Jr., District Attorney, Churita H. Hansell, Terry M. Boudreaux, Richard C. Bates, Assistant District Attorneys, Gretna, Counsel for State of Louisiana.
Joseph A. Marino, III, Gretna, Counsel for appellee.
Court composed of Judges DUFRESNE, CANNELLA and McMANUS.
McMANUS, JUDGE.
Appellee, the State of Louisiana, here complains of a ruling in which the trial judge apparently quashed two predicate charges which form the basis of the bill of information charging Defendant Branch with third offense DWI. However, since the ruling cannot be reconciled with any of the pleadings filed by Branch in these proceedings, we can only remand the matter for clarification of the record.

STATEMENT OF THE CASE
On July 9, 1999, the Jefferson Parish District Attorney filed a bill of information charging Defendant, Jeffrey Branch, with operating a motor vehicle while intoxicated, having been twice convicted of that offense. LSA-R.S. 14:98D. The bill listed two alleged prior convictions from Washington Parish. Defendant was arraigned on the charges on August 17, 1999, and pled not guilty.
On August 30, 1999, Defendant filed various pretrial motions, including a Motion to Suppress Confession, Identification, and Physical Evidence. At a suppression hearing on December 21, 1999, defense counsel told the court he wished to frame his motion as a "motion to suppress and quash at the same time." No written motion to quash is found, or even mentioned, in the record. Further, though defense counsel indicated during argument that he had a "memorandum" to file in connection with the hearing, the record contains no such pleading. Without hearing testimony or admitting any evidence, the trial court stated that he would grant Defendant's motion and "quash" the two predicate convictions alleged in the bill of information.
The prosecutor stated his objection to the court's ruling, and informed the court that the State intended to take an appeal. No further action was taken by the State until it filed a Motion for Out of Time Appeal on June 16, 2000. The trial court granted the state's motion on June 19, 2000.

DISCUSSION
The record here presents us with an irregularity we can't resolve as the matter stands.
*45 It is apparent that what the trial court was presented with cannot properly be termed a motion to quash. Defendant filed a Motion to Suppress Confession, Identification, and Physical Evidence, but the record does not contain any written motion to quash.
A motion to quash is a procedural vehicle for challenging an indictment or a bill of information. LSA-C.Cr.P. articles 531-533.
LSA-C.Cr.P. art. 536 provides:
A motion to quash shall be in writing, signed by the defendant or his attorney, and filed in open court or in the office of the clerk of court. It shall specify distinctly the grounds on which it is based. The court shall hear no objection based on grounds not stated in the motion.
While a motion to quash may be appropriate to challenge convictions used to enhance a DWI charge[1], there is no question that such a motion must be in writing. In State v. Bentel, 00-0057 (La. App. 5 Cir. 9/27/00), 769 So.2d 1247, this Court strictly construed the provisions of article 536, holding that oral motions to quash are not properly considered by the trial court. In that case, this Court reversed the trial court's ruling granting an oral motion to quash, and remanded the case to the trial court for further proceedings. As noted, Defendant did not file a written motion to quash. Nor did he ever identify the specific grounds upon which the predicate convictions should be "quashed." Therefore, though it seems that the trial court here intended to grant the motion to quash, it was improper to have done so, given the absence of a written motion.
Nor can we allow that Defendant's motion to suppress would serve to support the ruling in question. If Defendant sought to have the evidence of the two predicate convictions suppressedto have the judge rule the prior records inadmissable his motion to suppress does not state any grounds specifically alleging why the convictions are constitutionally infirm. The motion sought to exclude only evidence or statements improperly seized relative to the instant (third) DWI offense.
This is the irregularity, therefore, with which we are faced: we can't be satisfied that the judgment appealed actually arises out of any of the pleadings filed. The motion to quash was never properly before the trial judge, and the motion in the record does not provide any grounds on which the trial judge could properly have ruled on the constitutionality of the two predicate DWI convictions. We find that the record, as it stands, simply does not allow review of a ruling regarding whether the two convictions may be used as the basis of an enhanced charge.
Therefore, we remand the matter to allow for clarification of why Defendant is challenging his previous two DWI convictions, and we further instruct all parties that any such challenges must be properly before the court before they may be ruled on. And we remind the parties that review of any such rulings is predicated on our receiving a complete and properly preserved record.
REMANDED WITH INSTRUCTIONS TO CLARIFY THE RECORD.
NOTES
[1] See State v. Moten, 99-552 (La.App. 5 Cir. 11/30/99), 748 So.2d 1210.