811 So.2d 991 (2002)
STATE of Louisiana
v.
Kenneth STEWART.
No. 01-KA-1041.
Court of Appeal of Louisiana, Fifth Circuit.
February 26, 2002.
Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Assistant D.A., Louis M. Butler, Assistant D.A., Gretna, LA, for Plaintiff-Appellee.
*992 Milton P. Masinter, New Orleans, LA, for Defendant-Appellant.
(Panel composed of Judges EDWARD A. DUFRESNE, JR., JAMES L. CANNELLA and MARION F. EDWARDS).
EDWARD A. DUFRESNE, JR., Chief Judge.
The sole issue presented in this appeal is whether the trial court properly quashed the bill of information which charged defendant with conspiracy to commit unlawful payments by attorneys. For the reasons set forth herein, we affirm the ruling of the trial court.
The Jefferson Parish District Attorney filed a bill of information charging defendant, Kenneth Stewart, with conspiracy to commit unlawful payments by attorneys, in violation of LSA-R.S. 14:26 and LSA-R.S. 37:219. In the bill, the state specifically alleged that, on or between June 27, 1997 and June 1, 1998, defendant conspired with Richard Cuccia, an attorney, to commit the crime of unlawful payments by attorneys by referring several individuals to Cuccia for the purpose of obtaining representation of those individuals. The bill also alleged that defendant received a referral fee from Cuccia for obtaining representation of these individuals. At the arraignment, defendant pled not guilty. Defendant subsequently filed a motion to quash the bill of information, alleging that, since he was not an attorney, he could not be charged with conspiracy to commit LSA-R.S. 37:219. The trial court granted the motion to quash. It is from this ruling that the state now appeals. We find no error in the trial court's ruling.
On appeal, the state contends that the trial court erred in granting the motion to quash. Citing federal jurisprudence, the state argues that although it is legally impossible for defendant to be convicted of a violation of LSA-R.S. 32:219, unlawful payments by attorneys, he could nonetheless be charged with and convicted of conspiracy to commit that offense. The state further contends that defendant's argument could not be raised by a pre-trial motion to quash because his argument relates to the defense on the merits of the case.
In response, defendant cites State v. Nichols, 00-1087 (La.App. 5 Cir. 10/31/00), 772 So.2d 263, to support his argument that since he is not an attorney, he cannot be charged with the instant offense. Defendant also asserts that, under the Louisiana Code of Criminal Procedure, a motion to quash is the proper procedural device to raise his pre-trial challenge to the charge.
LSA-R.S. 37:219 A states that "[i]t shall be unlawful for any attorney to pay money or give any other thing of value to any person for the purpose of obtaining representation of any client." This statute is applicable to attorneys only.
In State v. Nichols, supra, the defendants were charged with violating LSA-R.S. 37:219. The defendants filed motions to quash the bills of information and asserted that they were not attorneys, and thus were not subject to prosecution under LSA-R.S. 37:219. The trial court granted the motions to quash, and the state appealed, alleging that the trial court erred by ignoring the law of principals, which authorized the defendants to be charged and convicted under LSA-R.S. 37:219 as principals to the offense. This court affirmed the decision of the trial court stating as follows:
Our Legislature has imposed distinctions among various criminal offenses relating to payments for referral of clients to attorneys for representation. LSA-R.S. 37:219, the statute at issue in these appeals, makes it a crime for attorneys to pay others for the purpose of obtaining representation of any client. *993 LSA-R.S. 14:356.1 makes it a crime for those providing wrecker services to receive compensation for referring accident victims to attorneys, and LSA-R.S. 14:356.3 makes it a crime for those providing ambulance services to receive compensation for referring accident victims to attorneys. Similarly, LSA-R.S. 14:356 makes it a crime for law enforcement personnel to procure or solicit legal business for an attorney, with the expectation or promise of being paid. Our judicial duty requires us to recognize these legislatively created distinctions in the law and hold that the Louisiana principal statute, LSA-R.S. 14:24, is inapplicable to the cases now under review. The state's argument, while creative, is unpersuasive; and we conclude that the trial courts properly granted defendants' motions to quash in these cases.
State v. Nichols, 772 So.2d at 266.
We find the same reasoning applicable to the instant case. As noted in Nichols, our legislature has imposed distinctions among various criminal offenses relating to payments for referral of clients to attorneys for representation. In addition to the distinctions noted in Nichols, there is also a specific statute making it a crime for individuals who are not attorneys to solicit cases for attorneys. LSA-R.S. 37:213 states in pertinent part, "[n]o person, partnership or corporation shall solicit employment for a legal practitioner." To allow the state to charge defendant with conspiracy to commit LSA-R.S. 37:219 would ignore these legislatively created distinctions. Accordingly, we find that the trial court did not err in granting defendant's motion to quash the bill of information.
On appeal, the state also contends that defendant's argument could not be raised by a pre-trial motion to quash because that argument relates to the defense on the merits of the case. We find no merit to the state's argument.
LSA-C.Cr.P. art. 531 provides that "[a]ll pleas or defenses raised before trial, other than mental incapacity to proceed, or pleas of `not guilty' and `not guilty by reason of insanity,' shall be urged by a motion to quash." Article 532 of the Code of Criminal Procedure lists the general grounds for a motion to quash. It provides in pertinent part that a motion to quash may be based on the ground that "[t]he indictment fails to charge an offense which is punishable under a valid statute." LSA-C.Cr.P. art. 532(1).
Both the Louisiana Supreme Court and this Court have consistently held that a motion to quash is, essentially, a mechanism to urge pre-trial pleas, i.e. pleas which do not go to the merits of the charge. At a hearing on such a motion, evidence is limited to procedural matters and the question of factual guilt or innocence is not before the court. State v. Byrd, 96-2302 (La.3/13/98), 708 So.2d 401, 411, cert. denied, 525 U.S. 876, 119 S.Ct. 179, 142 L.Ed.2d 146 (1998); State v. Moten, 99-552 (La.App. 5 Cir. 11/30/99), 748 So.2d 1210. A court considering a motion to quash must accept as true the facts contained in the bill of information and in the bill of particulars, and determine as a matter of law from the face of the pleadings whether a crime has been charged. While evidence may be adduced on the motion to quash, such evidence may not include a defense on the merits. State v. Byrd, 708 So.2d at 411.
In this case, the basis for defendant's motion to quash was that he is not an attorney, and thus, could not be charged of conspiracy under LSA-R.S. 37:219, a statute making unlawful payments by an attorney a relative felony. Thus, the motion challenges the sufficiency of the bill of information. Under LSA-C.Cr.P. *994 art. 532, the motion to quash is the correct procedural vehicle to raise that argument. See State v. Nichols, supra, where this court addressed the same argument and found that a motion to quash was the correct procedural vehicle for defendants to challenge the bills of information.
For the reasons set forth herein, we find that the trial court correctly granted defendant's motion to quash. Accordingly, the judgment appealed from is hereby affirmed.
AFFIRMED.