938 So.2d 805 (2006)
STATE of Louisiana
v.
Darnell JORDAN.
No. 06-KA-187.
Court of Appeal of Louisiana, Fifth Circuit.
September 26, 2006.
Rehearing Denied October 16, 2006.
*806 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Anne M. Wallis, Frank A. Brindisi, Assistant District Attorneys, Twenty-Fourth Judicial District, Parish of Jefferson, Gretna, Louisiana, for Plaintiff/Appellant.
Overton T. Harrington, Jr., Attorney at Law, Gretna, Louisiana, for Defendant/Appellee.
Panel composed of Judges THOMAS F. DALEY, WALTER J. ROTHSCHILD, and FREDERICKA HOMBERG WICKER.
THOMAS F. DALEY, Judge.
The defendant was charged with possession of a handgun while in possession of marijuana in violation of LSA-R.S. 14:95(E). The defendant pled not guilty and filed a Motion to Quash the Bill of Indictment. The trial court granted the defendant's Motion to Quash finding there was a lack of nexus between the weapon and the drugs. The State has appealed. For the reasons that follow we reverse and remand for further proceedings.
According to the police report, defendant was seen trying to conceal a loaded small silver handgun when the officer approached the car. A pat-down search revealed defendant was in possession of a plastic bag containing eight small bags of marijuana.
On appeal, the State contends a Motion to Quash was an improper vehicle for raising the issue of whether a nexus existed between the gun and the drugs. It contends the issue is a factual one that must be proven by the State and determined by the trier of fact. It asserts the issue goes to the merits of the case and cannot be raised by a Motion to Quash.
Defendant responds that the State acquiesced in the manner in which the issue was raised and ruled upon and, thus, *807 should be precluded from challenging the validity of such procedure on appeal. Specifically, defendant argues the State never raised the issue that the Motion to Quash was an improper procedural vehicle at the trial court level and, hence, cannot raise it for the first time on appeal.
The State filed a Bill of Information charging defendant with a violation of LSA-R.S. 14:95(E) in that he possessed a handgun while in possession of marijuana. Defendant filed a Motion to Quash on the basis his actions did not constitute "intentional concealment" of the weapon, which is required by LSA-R.S. 14:95(E). He also alleged the motion should be granted on other grounds not pertinent to this appeal.
The motion was set for hearing. The record reflects the matter was argued prior to the actual open court hearing as evidenced by the trial court's statement at the commencement of the hearing:
Let me justjust to kind of cut to the chase of it, here, we've just conducted a pretrial hearing with reference to your motions. And your position is that, under the facts of this case, that there is no nexus or no relationship, at all, between the firearm involved in this case and the marijuana.
* * *
And, based upon that, you're seeking a Motion to Quash this Bill of Information?
Defense counsel replied in the affirmative. No arguments were made on the record by either side and the matter was submitted. Thereafter, the trial court granted the Motion to Quash on the basis that defendant's position had merit as it related to the facts of the case.
LSA-C.Cr.P. art. 531 provides that "[a]ll pleas or defenses raised before trial, other than mental incapacity to proceed, or pleas of `not guilty' and `not guilty by reason of insanity,' shall be urged by a motion to quash." LSA-C.Cr.P. arts. 532 and 485 list the general grounds for quashing a Bill of Information, which include the failure of the indictment to charge a punishable offense and when it appears from the Bill of Particulars that the offense charged was not committed or that the defendant did not commit it.
A Motion to Quash is a mechanism whereby pre-trial pleas that do not go to the merits of the charge are urged. At a hearing on such a motion, evidence is limited to procedural matters and the question of factual guilt or innocence is not before the court. State v. Moten, 99-552 (La.App. 5 Cir. 11/30/99), 748 So.2d 1210, 1211. A court considering a Motion to Quash must accept as true the facts contained in the Bill of Information and in the Bill of Particulars, and determine as a matter of law from the face of the pleadings whether a crime has been charged. While evidence may be adduced on the Motion to Quash, such evidence may not include a defense on the merits. State v. Stewart, 01-1041 (La.App. 5 Cir. 2/26/02), 811 So.2d 991, 993.
The trial court granted the Motion to Quash finding merit to defendant's argument that there was no nexus between the gun and the marijuana; and, it was upon that basis that the trial court granted the Motion to Quash. The Bill of Information specifically alleged, "DARNELL JORDAN. . . . violated R.S. 14:95.E in that he did possess handgun while in possession of a CDS, to wit: Marijuana." Defendant did not file a Motion for Discovery or a Bill of Particulars and, thus, no other details of the offense are available for review. Taking the allegations in the Bill of Information as true, as required in ruling on a Motion to Quash, defendant was charged with a punishable offense.
*808 Whether the facts of the case constitute a sufficient nexus between the gun and the marijuana to satisfy the requirements of LSA-R.S. 14:95(E) is a factual issue, which goes to the merits of the case and is a question for trial. See, State v. Blanchard, 99-3439 (La.1/18/01), 776 So.2d 1165, 1173, where the Louisiana Supreme Court held that under LSA-R.S. 14:95(E) the State must prove some connection between the firearm possession and the drug offense. The Supreme Court noted the State could possibly prove the nexus by certain evidence including the type of firearm involved, the type of controlled dangerous substance involved, the quantity of drugs involved, the proximity of the firearm to the drugs, and whether the firearm was loaded.
As evidenced by Blanchard, the nexus requirement of LSA-R.S. 14:95(E) is fact sensitive. Thus, the trial court erred in granting the Motion to Quash on the basis there was no nexus between the firearm and the marijuana.
Defendant states that he was charged in a separate Bill of Information with possession of marijuana and that he pled guilty to this charge. He infers that if the Motion to Quash were reversed, the issue of double jeopardy would arise. There is no evidence of another Bill of Information or a guilty plea in the record, therefore, we cannot comment on defendant's statements related to double jeopardy.
For the foregoing reasons, the judgment granting defendant's Motion to Quash is reversed. Judgment is hereby entered denying defendant's Motion to Quash. This matter is remanded for further proceedings.
REVERSED AND REMANDED.