STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

07-425


STATE OF LOUISIANA

VERSUS

RITA SENSAT


**********
APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 18,062-06
HONORABLE WILFORD D. CARTER, DISTRICT JUDGE
**********


**GLENN B. GREMILLION**
**JUDGE**


**********

Court composed of John D. Saunders, Jimmie C. Peters, and Glenn B. Gremillion, Judges.

**REVERSED AND REMANDED**
**WITH INSTRUCTIONS.**

**John F. DeRosier**
**14th JDC District Attorney**
**P. O. Box 3206**
**Lake Charles, LA 70602-3206**
**(337) 437-3400**
**Counsel for Plaintiff Appellant:**
       **State of Louisiana**

**Stephen R. Streete**
**Salter & Streete**
**4216 Lake St.**
**Lake Charles, LA 70605**
**(337) 474-1644**
**Counsel for Defendant Appellee:**
       **Rita Sensat**

GREMILLION, Judge.

In this case, the defendant, Rita Sensat, was charged with driving while intoxicated, second offense, in violation of La.R.S. 14:98, and with careless operation, in violation of La.R.S. 32:58. The trial court granted Defendant's Motion to Suppress the evidence of her first DWI conviction. The State has appealed that ruling. For the following reasons, we reverse the trial court's ruling and remand with instructions.

**OPINION**

In its assignment of error, the State argues that the trial court committed three errors when it granted Defendant's motion to suppress/quash the DWI enhancement charge. First, the State contends that the trial court erred in considering an improperly titled and untimely filed defense motion. Pursuant to La.Code Crim.P. art. 521, the State correctly maintains that a pretrial motion is to be filed within fifteen days after arraignment unless a different time is provided by law or fixed by the court at the time of arraignment upon a showing of good cause. In the instant case, Defendant filed her motion entitled "Motion to Suppress" on the date of trial which was several months after her arraignment.

The State also points out that La.Code Crim.P. art. 703(C) governs the deadline for filing motions to suppress and that the motion must be filed within the Article 521 time limits unless grounds for the motion were unknown at that time. Article 703(C) provides:

> A motion filed under the provisions of this Article must be filed in accordance with Article 521, unless opportunity therefor did not exist or neither the defendant nor his counsel was aware of the existence of the evidence or the ground of the motion, or unless the failure to file the

1

motion was otherwise excusable. The court in its discretion may permit the filing of a motion to suppress at any time before or during the trial.

Additionally, the State complains that pursuant to La.Code Crim.P. art. 531, the proper method of challenging a bill of information is via a motion to quash, not a motion to suppress. Article 531 states, "All pleas or defenses raised before trial, other than mental incapacity to proceed, or pleas of 'not guilty' and of 'not guilty and not guilty by reason of insanity,' shall be urged by a motion to quash."

In support of its argument, the State refers us to a similar situation in *State v. Branch*, 00-1668 (La.App. 5 Cir. 3/28/01), 784 So.2d 43, wherein the trial court quashed two predicate charges, which formed the basis of the bill of information charging the defendant with third offense DWI. The defendant had filed a written Motion to Suppress Confession, Identification, and Physical Evidence, but not a motion to quash. At the suppression hearing, the defendant told the trial court that he wished to frame his motion as a motion to suppress and quash at the same time. No written motion to quash was filed. On appeal, our colleagues on the fifth circuit noted that pursuant to La.Code Crim.P. arts. 531-533, a motion to quash was the procedural vehicle for challenging an indictment or a bill of information. Further, the court referred to La.Code Crim.P. art. 536, which requires a motion to quash to be in writing, signed by the defendant or his attorney, filed in open court or in the office of the clerk of court, and specify distinctly the grounds on which it is based. The appellate court concluded that although it seemed that the trial court intended to grant the motion to quash, it was improper to have done so, given the absence of a written motion. The court stated:

2

> The motion to quash was never properly before the trial judge, and the motion *in the record* does not provide any grounds on which the trial judge could properly have ruled on the constitutionality of the two predicate DWI convictions. We find that the record, as it stands, simply does not allow review of a ruling regarding whether the two convictions may be used as the basis of an enhanced charge.

*Id*. at 45 (emphasis in original). The matter was remanded to the trial court to allow for clarification of why the defendant was challenging his previous two DWI convictions, and the parties were instructed that any such challenges must be properly before the court before they could be ruled on.

In the case at hand, Defendant filed a Motion to Suppress which sought to suppress evidence of her first DWI conviction, alleging that it did not comply with the *Boykin* standards. We note that following the trial court's ruling on Defendant's motion, she moved to amend the motion to that of a dual motion to quash and suppress. However, a written motion to quash the bill of information was never filed. As in *Branch*, it seems that the trial court intended to grant the motion to quash, which was improper because of the absence of a written motion. Accordingly, the motion to quash was not properly before the trial court. As such, the matter is remanded to the trial court to allow for the proper filing of a written motion to quash to allow Defendant to specify why she is challenging her previous DWI conviction.

Next, the State argues that the trial court erred when it failed to hold a contradictory hearing on Defendant's motion. Specifically, the State maintains that pursuant to La.Code Crim.P. art. 537, all issues of law or fact which arise on a motion to quash shall be tried by the court. Accordingly, the State contends that the statute clearly mandates a contradictory hearing, and the trial court's refusal to permit the State to introduce witness testimony and relevant evidence at a contradictory hearing

3

was in error. We agree that the State was entitled to a contradictory hearing on the motion to quash as stated in Article 537.

In *State v. Stewart*, 02-196 (La.App. 3 Cir. 10/2/02), 827 So.2d 1277, the defendant filed a motion to quash but there was no indication that a hearing was held on the motion. Neither party challenged the failure of the trial court to conduct a hearing. However, relying on Article 537, we concluded that the State did not have the opportunity to prove the constitutionality of the plea at issue, nor was the defendant allowed an opportunity to present evidence showing that certain charges involved therein were to be tried together absent the plea agreement. Thus, the case was remanded for a hearing where the parties would be given an opportunity to meet their respective burdens.

In the instant case, the motion was raised at the beginning of the trial, but the trial court refused to permit the State to introduce witness testimony and relevant evidence. A review of the transcript indicates that the State was not given an opportunity to prove the constitutionality of the plea at issue. Further, the trial court specifically denied the State's request to put Defendant's attorney from the first offense on the stand in an attempt to meet its burden of proving the constitutionality of Defendant's guilty plea to the first DWI conviction. Accordingly, if the trial court allows the filing of the written motion to quash, it is instructed to hold a contradictory hearing at which both the State and Defendant shall be given the opportunity to meet their respective burdens of proof.

4

Lastly, the State argues that the trial court erred in quashing the charge of DWI second offense. Due to the errors we have addressed and the rulings made herein, a discussion of the merits of the trial court's ruling is pretermitted at this time.

## CONCLUSION

The trial court's ruling granting Defendant's Motion to Suppress is reversed and set aside and the case remanded to the trial court for proceedings consistent with the instructions in this opinion.

**REVERSED AND REMANDED WITH INSTRUCTIONS.**