STATE OF LOUISIANA

VERSUS

FREDDRICA JOSEPH

NO. 23-KA-446

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 22-6015, DIVISION "K"
HONORABLE ELLEN SHIRER KOVACH, JUDGE PRESIDING

April 24, 2024

**SUSAN M. CHEHARDY**
**CHIEF JUDGE**

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and John J. Molaison, Jr.

**<u>AFFIRMED</u>**
   **SMC**
   **FHW**
   **JJM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
    Honorable Paul D. Connick, Jr.
    Thomas J. Butler
    Matthew R. Clauss

COUNSEL FOR DEFENDANT/APPELLANT,
FREDDRICA JOSEPH
    Bertha M. Hillman

**CHEHARDY, C.J.**

Defendant appeals her conviction and sentence for possession of a firearm while in possession of marijuana on the basis that the district court failed to properly instruct the jury. For the following reasons, we affirm defendant's conviction and sentence.

**PROCEDURAL HISTORY**

The Jefferson Parish District Attorney charged defendant, Freddrica Joseph, by bill of information on December 12, 2022, with possession of a firearm while in possession of a controlled dangerous substance, marijuana, in violation of La. R.S. 14:95(E) (count one), and possession with the intent to distribute a controlled dangerous substance, cocaine, weighing twenty-eight grams or greater, in violation of La. R.S. 40:967(A) (count two), for an incident that occurred on September 19, 2022. At her arraignment, defendant pled not guilty.

The matter was tried to a jury on April 17 and April 18, 2023. The jury returned a unanimous verdict of guilty as charged as to count one, and not guilty as to count two. Defendant filed a motion for new trial and an amended motion for new trial, which the district court denied following a hearing. The district court sentenced defendant on May 18, 2023, to imprisonment at hard labor for five years and one day with credit for time served. The sentence was ordered to run concurrently to a contempt sentence,[1] and any other sentence, defendant was currently serving. This timely appeal followed.

**FACTUAL BACKGROUND**

At trial, the State called five witnesses to testify: Officer Robert Taylor, Gretna Police Department ("GPD"), patrol division; Officer Hank Rogers, GPD,

---

[1] Defendant was an hour late for trial on April 17, 2023, and the district court ordered defendant to serve ten days in parish prison for contempt of court.

23-KA-446                              1

patrol division; and Officer Payton Piglia, GPD, crimes division.[2] The defense called one witness to testify: Tonya Francis.[3] Defendant chose not to testify on her own behalf.

### Officer Robert Taylor

Officer Taylor testified that on September 19, 2022, while working the night watch patrol and with his body-worn camera activated, he executed a traffic stop of a white Honda Accord for an expired Texas temporary tag. After activating his lights and pulling the vehicle over, Officer Taylor approached the passenger side of the vehicle and made contact with the driver, Tyran Adams, and the passenger, defendant, Freddrica Joseph. Officer Taylor stated that because he detected the odor of marijuana coming from the vehicle, he requested Tyran and defendant exit the vehicle and, for safety reasons, instructed them to stand in front of his patrol car. Officer Taylor read Tyran and defendant their *Miranda* rights,[4] which defendant acknowledged that she understood, and questioned them. Defendant admitted that she had a hand-rolled cigar containing marijuana located in the pocket area of the passenger door. Officer Taylor searched the vehicle and found the hand-rolled marijuana cigar. He also found a bag of marijuana in the center console and a green backpack behind the driver's seat, which contained a larger bag of marijuana, a white rock (which later field tested positive as crack cocaine), a digital scale, and men's deodorant. Defendant claimed ownership of the green backpack. Officer Taylor arrested defendant and Tyran and they were transported to Jefferson Parish jail. The vehicle, owned by defendant, was towed to Dale's Tow Yard.

---

[2]     The State called two additional witnesses: Justin Mourain, Jefferson Parish Sheriff's Office ("JPSO"), crime lab, forensic drug analyst; and Sitara Shirwani, JPSO, level II DNA analyst and alternate case work CODIS administrator. Discussion of the trial testimony of these witnesses is not pertinent to resolving the issue presented by this appeal.

[3]     Tonya Francis (Tyran Adams' mother), testified that defendant is the mother of one her grandchildren and that defendant is an EMT.

[4]     *See Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Officer Taylor testified that later that evening, he was contacted by Dale's Tow Yard and advised that a firearm with an extended magazine was recovered under the driver's seat of the Honda Accord. Officer Taylor stated that he went back to the jail and questioned defendant and Tyran about the ownership of the firearm. Defendant told Officer Taylor that she owned the firearm and later signed an affidavit attesting that the firearm belonged to her.

### Officer Hank Rogers

Officer Rogers testified that on the night of September 19, 2022, while on patrol with the GPD, he participated in the search of defendant's vehicle. He, along with his trainee, Officer Leftwich, arrived on the scene to assist Officer Taylor in a traffic stop. Officer Rogers confirmed that Officer Taylor advised Tyran and defendant of their *Miranda* rights. He further confirmed that defendant claimed ownership of the marijuana and the green backpack recovered from the vehicle. He could not confirm, however, whether defendant also claimed ownership of the "crystal substance" found in the backpack. Officer Rogers testified that he and Officer Leftwich conducted a secondary search of the vehicle. During the search, Officer Leftwich found loose bullets in the rear driver's door, but did not collect them because no firearms were discovered in their search of the vehicle. Officer Rogers could not recall if a bullet was found in the green backpack.

### Officer Payton Piglia

Officer Piglia, while employed with the crime scene division of the GPD, processed a glock firearm at the police station on September 22, 2022. He testified that he swabbed the firearm for DNA and dusted it for fingerprints, but no fingerprints were recovered from the firearm.

*Sworn Affidavit of Defendant, Freddrica Joseph*

Although defendant chose not to testify at trial, at the conclusion of the State's case, introduced into evidence and published to the jury was the affidavit attested to by defendant. In the affidavit, defendant attested, among other things, that she was in possession of marijuana located in her vehicle, that a probable cause search of the vehicle revealed one hand-rolled cigar in the passenger side door, and a green backpack on the floor of the back seat, which contained drugs and a digital scale. Defendant further attested that a later search of the vehicle revealed a black handgun under the driver's seat, which she owned and about which Tyran claimed no knowledge. Defendant also attested that she is the owner of the vehicle and that because she works the night shift as an EMT at Tulane, she kept the firearm in her vehicle for her protection.

**ISSUE PRESENTED FOR REVIEW**

In her sole assignment of error on appeal, defendant argues the district court erred in refusing to instruct the jury concerning the nexus requirement, which was jurisprudentially added to certain La. R.S. 14:95(E) cases by the Louisiana Supreme Court in *State v. Blanchard*, 99-3439 (La. 1/18/01), 776 So.2d 1165. La. R.S. 14:95(E) cases involve illegal possession of a firearm while possessing a controlled dangerous substance. Defendant argues that in cases where the defendant is not in actual possession of the firearm, and the firearm is not within the defendant's immediate control—which defendant contends are the circumstances presented by this case—the district court must follow *Blanchard* and instruct the jury that the State must prove a connection between the gun and the defendant's possession of the drugs. Here, defendant contends the firearm was located so far back under the driver's seat that officers did not recover it during their initial search of the vehicle, and thus, it was not reachable nor in her immediate control. She further contends that her possession of the firearm was

constructive and that under *Blanchard*, in cases involving constructive possession, proof of a connection or nexus is required.[5] Defendant argues the jury was not properly instructed that the State bore the burden of proving some connection between the gun found under the driver's seat of her vehicle and her possession of marijuana, and that this Court must reverse her conviction and sentence and remand the matter for a new trial.

The State responds that the trial court did not err because a *Blanchard* instruction in this case was not necessary given the facts and circumstances established through the testimony of the officers at trial. In particular, the State argues that the trial testimony established that the firearm, recovered from under the driver's seat of defendant's vehicle and within reaching distance where she could have easily retrieved it, was within defendant's "immediate control." Consequently, a "nexus" instruction was not required.

**DISCUSSION**

At trial, defense counsel emphasized that under *Blanchard*, *supra*, the jury should be instructed that "if the gun is not in the defendant's immediate control, then there are additional elements the State must prove." In this regard, defense counsel proposed the following instruction regarding the "nexus" requirement set forth in *Blanchard*:

> [A] jury should be instructed where there is no actual possession[,] or the firearm was not within the immediate control of the accused, that if the jury finds that the defendant was not in actual possession of the firearm, at the time he was in actual possession of the controlled substance[,] we must find that beyond a reasonable doubt that there was a connection or nexus between the firearm and the controlled dangerous substance.

The State argued against the proposed *Blanchard* instruction on the basis that the evidence showed that the firearm at issue was within defendant's

---

[5]  Defendant claims the State failed to prove a nexus between the gun and marijuana.

immediate control or within her "grabbable" area. The State further argued that adding the additional element of the nexus not required by the charging statute was disingenuous. The State averred that the nexus element was created by the Supreme Court in *Blanchard*, and that the district court needed to determine whether or not *Blanchard* was appropriate in the instant matter.

After considering the proposed jury charge and argument of counsel, the district court declined to give defendant's proposed charge, and, instead, instructed the jury as follows, in part:

> As to count one, the defendant is charged with illegal carrying of a weapon while in possession of over 14 grams of marijuana. Illegal carrying of weapons is the possession, use, or having under one's immediate control of a firearm while in possession of over 14 grams of marijuana.
>
> Thus, to convict the defendant of illegal carrying of a weapon, you must find:
>
> (1) that the defendant possessed over 14 grams of marijuana; and
>
> (2) that the defendant possessed or had under her immediate control a firearm.
>
> Possession can be actual or constructive. Actual possession amounts to physical custody of the object. Constructive possession is when the object is not in the person's physical custody but is under her dominion and control in such that she has the ability to reduce the object to actual possession. Also included with the concept of possession, whether actual or constructive, is the necessary element of scienter or guilty knowledge. Constructive possession is established by evidence that the marijuana and firearm were within defendant's dominion and control and that the defendant had knowledge of their presence. Guilty knowledge can be inferred from the circumstances. Mere presence of defendant in [an] area where the marijuana and firearm were found is sufficient insufficient to prove constructive possession.

Defendant argues the district court's instruction excluding proof of a nexus requirement was error. We disagree.

The district court is required to charge the jury "[a]s to the law applicable to the case[.]" La. C.Cr.P. art. 802. The State and the defendant shall have the right to submit special jury charges. La. C.Cr.P. art. 807. The court shall give a requested special jury charge "if it does not require qualification, limitation, or explanation, and if it is wholly correct and pertinent. It need not be given if it is included in the general charge or in another special charge to be given." La. C.Cr.P. art. 807. *See also State v. Jacobs*, 07-887 (La. App. 5 Cir. 5/24/11), 67 So.3d 535, 574, *writ denied*, 11-1753 (La. 2/10/12), 80 So.3d 468, *cert. denied*, 568 U.S. 838, 133 S.Ct. 139, 184 L.Ed.2d 67 (2012). As a general matter, a district court has the duty to instruct the jurors as to "every phase of the case supported by the evidence whether or not accepted by him as true," and that duty extends to "any theory ... which a jury could reasonably infer from the evidence." *State v. Neal*, 00-0674 (La. 6/29/01), 796 So.2d 649, 659; *see also* La. C.Cr.P. art. 802 (the trial court shall charge the jury as to the law applicable to the case). The evidence presented at trial, however, must support a requested special written charge for the jury. *State v. Cornejo-Garcia*, 11-619 (La. App. 5 Cir. 1/24/12), 90 So.3d 458, 462-63. A district court's failure to give a requested jury instruction constitutes reversible error only when there is a miscarriage of justice, prejudice to the substantial rights of the defendant, or the violation of a constitutional or statutory right. *State v. Harris*, 01-2730 (La. 1/19/05), 892 So.2d 1238, 1261, *cert. denied*, 546 U.S. 848, 126 S.Ct. 102, 163 L.Ed.2d 116 (2005).

In *Blanchard*, *supra*, the Supreme Court examined the issue of whether La. R.S. 14:94(E), which prohibits a person from possessing a firearm while in possession of a controlled dangerous substance, criminalizes the constructive possession of a firearm by one who also possesses marijuana. In *Blanchard*, officers executed a search warrant at the defendant's residence where they found a small amount of marijuana under a sofa cushion in the living room and an Uzi

pistol in a kitchen cabinet. The defendant was convicted based on his possession of a controlled dangerous substance, marijuana, and his constructive possession of the firearm. The defendant appealed claiming that a conviction based on constructive possession violated his constitutional right to bear arms. After examining the law and jurisprudence, the Supreme Court held that "when a defendant is found to be in constructive possession of a firearm while simultaneously in possession of a controlled dangerous substance, the state must prove that there is a nexus between the firearm and the controlled dangerous substance." *Blanchard*, 776 So.2d at 1174. The *Blanchard* court further held, however, that "[p]roof of a nexus requirement is *not required* where the defendant uses or has actual possession of the firearm, *or has the firearm within his immediate control*." *Id*. [Emphasis supplied.]

A person is in "constructive possession" of a firearm when the firearm is subject to defendant's dominion and control. *State v. Johnson*, 03-1228 (La. 4/14/04), 870 So.2d 995, 998. Even if the person's dominion over the weapon is only temporary in nature and if control is shared, constructive possession exists. *State v. Lee*, 02-704 (La. App. 5 Cir. 12/30/02), 836 So.2d 589, 593, *writ denied*, 03-0535 (La. 10/17/03), 855 So.2d 1231. While the Supreme Court has defined "constructive possession," it has not interpreted the term "immediate control," for purposes of La. R.S. 14:95(E). However, in *State v. Sandifer*, 95-2226 (La. 9/5/96), 679 So.2d 1324, the Court found that where the defendant was found sleeping in the driver's seat of a car with a gun on the passenger seat and a gun on the floor, these guns were within his "immediate control." *See Blanchard*, 776 So.2d at 1170 n. 9.[6]

---

[6] By way of analogy, the Supreme Court has stated the "immediate control" requirement for purposes of La. R.S. 14:64, the armed robbery statute, is satisfied when property taken is within the presence of the owner, and that armed robbery may occur where property is not in actual contact with the victim. *See Blanchard*, 776 So.2d at 1170 n. 9; *see also State v. Cooks*, 97-0999 (La. 1998), 720 So.2d 637, 652.

In *State v. Jordan*, 06-187 (La. App. 5 Cir. 9/26/06), 938 So.2d 808, *rehearing denied*, 06-187 (La. App. 5 Cir. 10/16/06), this Court noted, "As evidenced by *Blanchard*, the nexus requirement of La. R.S. 14:95(E) is fact intensive."

In *State v. Jarvis*, 01-1277 (La. App. 4 Cir. 2/13/02), 811 So.2d 38, *writ denied*, 03-248 (La. 2/13/04), 867 So.2d 677, the defendant was stopped for a traffic violation. The defendant was asked to step out of his vehicle and, as he did so, a bag of marijuana fell to the ground. When the officer reached over to pick up the bag, he observed a revolver on the floorboard of the driver's side of the vehicle. Following a jury trial, the defendant was convicted of possession of a firearm while in possession of marijuana, in violation of La. R.S. 14:95(E). *Id*. at 38. On appeal, citing *Blanchard*, *supra*, the defendant alleged the district court erred in failing to properly instruct the jury on the State's burden of proof, as the trial court did not instruct the jury that a connection was required between the possession of the weapon and the possession of the drugs. *Id*. at 40. The appellate court disagreed, stating that *Blanchard* was limited to cases of constructive possession. Even though the defendant denied any knowledge of the weapon or drugs, the court found the evidence established the weapon was on the floor at the defendant's feet at the time of the stop, and thus, was in his immediate control prior to his stepping out of the vehicle. *Id*. at 41.

In *State v. Thompson*, 06-474 (La. App. 3 Cir. 11/8/06), 943 So.2d 621, 622, *writ denied*, 06-2959 (La. 9/14/07), 963 So.2d 993, when both the drugs and the firearm were in the defendant's immediate control before being questioned by an officer, the State was not required to prove a nexus between possession of a firearm and possession of drugs even though the defendant was not in actual possession of the firearm once he stepped out of his vehicle and was being questioned. *Id*. at 621. The State was, however, "required to prove [the defendant]

knowingly possessed the gun and the drugs." *Id*. at 627. On appeal, the reviewing court found that the evidence presented at trial proved that the defendant had knowledge of the firearm found in his vehicle, as he informed police of its location. The court also found that the evidence proved the defendant had guilty knowledge of the drugs. *Id*.

Similarly, in *State v. O'Brien*, 17-922 (La. App. 3 Cir. 4/14/18), 242 So.3d 1254, *writ denied*, 18-0663 (La. 2/18/19), 265 So.3d 769, the defendant—like defendant in the instant case—was not in actual possession of the firearm, but had it within arm's reach when he was apprehended by the police. *Id.*, 242 So.3d at 1259. An item can be construed as being in a defendant's immediate control if it is in the area from within which he might gain possession of a weapon or destructible evidence *or within arm's reach of the defendant's person*. *Id*., 242 So3d at 1267.

Finally, in *State v. Blow*, 55,449 (La. App. 2 Cir. 2/28/24), -- So.3d --, 2024 WL 821254, the defendant alleged the district court erred in failing to instruct the jury that the State had to prove a nexus between the defendant's simultaneous possession of a firearm and the drugs discovered hidden in his sock at the city jail. At trial, the investigating police officer testified that the firearm, located only one foot away, was in the defendant's immediate control when he first observed the defendant sitting on concrete steps. On appeal, the reviewing court held that, because the facts presented by the State at trial, through the testimony of the investigating police officer, were that the firearm was within the defendant's reach and immediate control, such an instruction was not warranted. Moreover, the Court held that, if given, the instruction would have caused unnecessary confusion to the jury. *Id.*, -- So.3d. at *4.

In the instant case, the State's evidence showed that defendant acknowledged ownership of the vehicle, the firearm found underneath the driver's seat, and the marijuana. Based on the evidence adduced at trial, we find, as did the

district court, that the State was not required to establish a nexus between defendant's simultaneous possession of the firearm and the drugs found in the same car as the firearm. Both the gun and the drugs were located in defendant's car, under the driver's seat and within defendant's reach, and were in defendant's immediate control when Officer Taylor first initiated the stop. As held by the Supreme Court in *Blanchard*, and subsequently followed by reviewing courts, the prosecution is only required to show a nexus when the defendant has constructive possession of the firearm; such an instruction is not necessary if the firearm is found to have been within the defendant's physical possession or immediate control. *Blanchard*, 776 So.2d at 1173. Here, given the facts presented by the State at trial, we find the evidence did not support a jury charge that the State's burden of proof was that set forth in *Blanchard*. The district court, therefore, properly charged the jury.

For the foregoing reasons, defendant's conviction and sentence are affirmed.

**AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**APRIL 24, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT
REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 23-KA-446

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE ELLEN SHIRER KOVACH (DISTRICT JUDGE)
MATTHEW R. CLAUSS (APPELLEE)       THOMAS J. BUTLER (APPELLEE)       BERTHA M. HILLMAN (APPELLANT)

**MAILED**
HONORABLE PAUL D. CONNICK, JR.
(APPELLEE)
DISTRICT ATTORNEY
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053